HARDESTY *v.* STATE OF INDIANA.

[No. 30,859. Filed December 11, 1967. Rehearing denied February 6, 1968.]

*John M. Lyons,* of Valparaiso, for appellant.

*John J. Dillon,* Attorney General, *Donald R. Ewers,* Assistant Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

LEWIS, J.—The appellant was convicted in a trial by jury of the crime of Reckless Homicide pursuant to Burns' Indiana Statutes, Anno., § 47-2001, (1965 Repl.).

On appeal the following errors of law are submitted for this Court's consideration:

(1)  That the verdict of the jury is contrary to law in that is it not sustained by sufficient evidence.

(2)  That the Trial Court erred in refusing to give defendant's tendered instructions, numbers 19-28.

The statute, Burns' § 47-2001, *supra,* under which the appellant was charged, reads, in part, as follows:

"Reckless Homicide. Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide. . . ."

A brief summary of the evidence will be made at this point. The record reveals that there were only two parties present at the time of the collision, the appellant and the decedent. The collision occurred at night on June 12, 1964, with the weather being clear and the roads dry. There were no street lights and the point in the road where the collision occurred was hazardous; that is, it occurred on top of a hill. Visibility of an oncoming car from either direction would be greatly impaired. Appellant stated that he did not see the car until almost immediately before the impact.

The State produced a witness, one Lee Bailey, who gave the following account. He was driving over to a friend's house to visit. As he approached the house he slowed down to about 20 or 25 m. p. h. in order to locate the house. While he was traveling at this rate of speed he noticed behind him "two headlights" pull out of a parking lot in a "cloud of dust." As the car approached Bailey, he ascertained that it was a red Dodge convertible with a white top and a white stripe on the side. The driver had dark hair and was wearing a light-colored shirt. Bailey pulled over to the side of the road and the Dodge "shot by him at a great rate of speed," 65-70 m.p.h. in Bailey's estimation. As the car was passing witness Bailey, the engine roared and the car "fish-tailed" and moved to the middle of the road "hugging the center-line" although there was no line painted on the road. Bailey observed that the Dodge did not stop for a four-way stop sign and continued in this manner until he left his sight.

Bailey arrived at his friend's house. He stopped his car, got out, and went to the front door of the house. He knocked, waited, and when no one answered he concluded his friend wasn't home and returned to his car. He says somewhere in this sequence of events he heard a noise which may have been a crash in the distance, but he was not positive of this.

Bailey got back into his car, started it, and proceeded along the same route as that previously taken by the Dodge. Thereupon he came upon the scene of the collision—the red Dodge meeting the same description as the one which previously had passed him, and the decedent's station wagon.

The evidence at the point of impact consists of testimony that there was debris on both sides of the center line and that there were skid marks, fifty-two feet, four inches in length, apparently made by the appellant's car, which straddled the center line. The appellant admitted he was driving the red Dodge. Also, he was wearing a light colored-shirt and had dark hair.

There was no evidence presented, save for the skid marks, tending to establish the speed or position of either car just previous to the impact. In addition, there was no expert testimony to interpret the skid marks or to explain what, if anything, they indicated.

In the case of *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, this Court laid down the following test for reckless homicide:

"But while the intention to do or omit the act resulting in injury to another is a necessary ingredient of reckless homicide, willfulness in the sense of a design, purpose, or intent to inflict an injury is not a necessary element of the offense. In other words, to be guilty of a reckless disregard for the safety of others, it is not necessary that one intend the harm which results from it. It is sufficient that the actor realizes, or should realize, that there is a strong probability that such harm may result. See *Rogers* v. *Doody* (1935), 119 Conn. 532, 178 Atl. 51. . . ."

It is well settled in Indiana that a conviction may be affirmed by this Court on circumstantial evidence alone. *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. However, such evidence must preclude every other reasonable inference of innocence.

On appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh the evidence, but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

The State cites *Patton* v. *State* (1961), 242 Ind. 477, 179 N. E. 2d 867, as authority to affirm this conviction. In *Patton* v. *State, supra,* the police took chase of a car which was traveling at a high rate of speed and the officers lost contact with the automobile; at or about the same time other persons

saw a car of the same description near the point where the police lost contact with it; seconds later the car crashed into a utility pole. This case differs from the one at bar in at least one very important respect. In the case at bar there was no other witnesses to observe the accident.

The State is entitled to resort to circumstantial evidence in proving the essential elements of the crime charged; however, in order for that circumstantial evidence to be adequate, all reasonable hypothesis of innocence must be excluded. In *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771, this Court said:

> "It has been held that where reliance is placed on circumstantial evidence, that evidence must be so conclusive in character that it excludes every reasonable hypothesis of the innocence of the accused. . . ." See also *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223; *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676.

It is our opinion that since witness Bailey lost all visual contact of appellant's operation of appellant's vehicle prior to the collision, and since it was a matter of minutes before witness Bailey arrived at the scene of the collision, we conclude that the State has not sustained this burden of proof that would be necessary in a case of circumstantial evidence.

The verdict of the jury is not sustained by sufficient evidence and this cause is reversed with instructions for the Trial Court to grant the motion for a new trial.

Jackson, C. J., Hunter and Mote, JJ., concur.

Artérburn, J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 510.