MARTIN *v.* STATE OF INDIANA.

[No. 1267S146. Filed June 12, 1968.]

*Chester H. Wilson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a judgment of the Criminal Court of Marion County, Division Two, by which appellant was convicted of the crime of Second-Degree Burglary pursuant to Burns' Indiana Statutes, Anno., [1956 Repl.], § 10-701.

The evidence elicited at trial relates the following: On Sunday night, December 4, 1966, at about 9:05 P.M., an Indianapolis police officer received a call, via his police radio, to proceed to the Veterans of Foreign Wars Post on English Avenue where a burglar alarm had been set off. The burglarized building was equipped with an alarm which sounded when it was forcibly entered. The burglars had gained entry by breaking out a glass which was covered with wooden bars. When this glass was broken it triggered the alarm.

Approximately three (3) minutes after receiving said call, the police officer arrived at the scene; and about a minute thereafter he saw the appellant near the burglarized premises running away from said area in a southeasterly direction. The officer, after ordering the fleeing man to stop, found him where he was hiding next to the building; and also, the appellant's accomplice was found lying on the ground about ten (10) feet from the appellant.

When the police officer arrived at the place where the appellant was standing, he noticed a cigar box lying on the ground between the appellant's feet. The cigar box contained $25.63.

The police officer also testified that he found a "pry bar" and a screwdriver by the appellant.

After the appellant had been advised of his rights by the police officer, he was questioned. Appellant stated to his interrogator that he and his accomplice had planned the burglary together; and also, he admitted that they had both been inside the building.

The cigar box found at the feet of the appellant was positively identified by two (2) witnesses at trial as being from the burglarized premises.

On appeal, appellant raises as his only assigned error:

The insufficiency of the evidence to support the judgment of the Court.

More specifically, appellant contends that there was no evidence proving that he actually broke into the building or ever entered it. Therefore, since the burden is on the State to prove each and every element of the crime charged, the conviction must not stand because there is no proof of the appellant's breaking and entering.

It is well settled in Indiana that a conviction for burglary may be sustained on circumstantial evidence alone. *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. However, the circumstantial evidence must be such as to preclude all other reasonable inferences of the appellant's innocence and must be such that the trier of the facts may reasonably and naturally infer to a moral certainty the existence of the fact sought to be proven. *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671, *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45.

Therefore, the issue in this case presents itself very clearly: whether or not the circumstantial evidence is sufficient to sustain this judgment.

In *Bradley* v. *State, supra,* the following is stated:

"In our judgment the evidence in this case that the large front window of the store was found broken shortly after

midnight, in response to a burglar alarm, coupled with the discovery of appellant in the immediate vicinity standing next to a broken display case of knives and with a straight razor in his pocket, each item being identified as being the same as or like those sold in the store, and his possession of the same being unexplained was sufficient to sustain the jury's verdict of guilty."

*Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350, contains the following statement:

". . . that appellant was found lying face down on the ground just outside the door which had been burglariously entered, with tools at his side identified as having been used in the burglary, in the presence of cartons of cigarettes taken from the store, with a loaded revolver lying at his side, coupled with the appellant's partial admission to the effect that nobody had assisted him in breaking into the store, was amply sufficient in our judgment to connect appellant with the crime and sustain the court's finding of guilty."

In the case at bar the appellant was seen fleeing the scene of a burglary shortly after the alarm had sounded. He was apprehended almost immediately thereafter near the burglarized building, and lying on the ground, between the appellant's feet, was a cigar box which had just been removed from the illegally-entered building. In addition, burglary tools were also found near the appellant's person by the arresting officer. Appellant stated that he and his accomplice had planned the job together and they had both been inside the building.

In view of the Indiana cases just examined we feel that this circumstantial evidence is sufficient to sustain the judgment of the trial court.

Judgment is, therefore, affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 371.