RODNEY COLEMAN *v.* STATE OF INDIANA.

[No. 1270S321. Filed December 2, 1971. Rehearing denied February 21, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial to the court of the offense of Second Degree Burglary (1956 Repl., Burns Ind. Stat. Ann. § 10-701 (b), Acts 1941, Ch. 148, § 4, I.C. 1971, 35-13-5-4. He was sentenced to the state prison for a term of not less than two nor more than five years and disfranchised for two years. The statute, in relevant parts, is as follows:

"Whoever breaks and enters into * * * building or structure other than a dwelling house or place of human habita-

tion, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, * * *."

The appeal is addressed to the sufficiency of the evidence.

The arresting officer, in response to radio instructions, went to the Safeway Brake Shop at 738 North Illinois Street in Indianapolis, Marion County, Indiana, to investigate a possible break-in signaled by a burglar alarm. Upon arrival, he observed the defendant running from the building through a partially opened door. The officer pursued the defendant, who ran from the scene and was apprehended in a nearby alley. When apprehended, Defendant had in his possession $8.75 in quarters, $10.40 in dimes, $1.40 in nickels, and $1.02 in pennies, as well as some personal papers that had been taken from the cash drawer at the burglarized premises. Defendant was returned to the Brake Shop, where the arresting officer examined the building and found that a lower window in the door to the premises had been broken from the outside. The cash drawer was missing from the desk drawer but was subsequently located outside the building. The owner of the premises was summoned to the scene, identified the papers found upon the defendant as having been taken from the cash drawer and verified that the amount of money missing from the cash drawer was all in coins and corresponded approximately with the amount aforesaid found upon the defendant. The owner further testified that the shop had been locked at the close of business on the preceding evening, that the cash drawer containing the money was inside the building at that time and that he had not authorized the defendant to enter the premises.

Defendant testified that he was in the neighborhood to see relatives and that the money found in his possession was his property. His testimony was not refuted nor his credibility attacked, and he contended that there was no evidence that he was the person who broke and entered the burglarized premises.

When the sufficiency of the evidence is raised on appeal, this

Court will consider only that evidence most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom. *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

The conviction will be affirmed if, from that viewpoint there is substantial evidence of probative value from which the trier of the fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gibson* v. *State, supra; Fuller* v. *State, supra.*

This Court, on appeal, will not weigh the evidence nor determine the credibility of the witnesses. *Fuller* v. *State, supra; Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374; *Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748.

A conviction for burglary may be sustained on circumstantion evidence alone. *Martin* v. *State* (1968), 250 Ind. 519, 237 N. E. 2d 371; *Hardesty* v. *State* (1968), 249 Ind. 518, 231 N. E. 2d 510.

Intent may be inferred from the circumstances that legitimately permit it. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179.

We find that there was ample evidence from which the trier of the facts could find the defendant guilty of the offense charged beyond a reasonable doubt, and although the defendant's testimony was not refuted nor his credibility attacked, the trial court obviously did not believe him and was not required to do so.

Finding no error, the decision of the trial court is affirmed.

Arterburn, C. J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 786.