### JOE TAYLOR *v*. STATE OF INDIANA.

[No. 771S210. Filed July 11, 1972.]

*Tom McDonald, Rogers, Gregory & McDonald,* of Blooming-ton, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted upon both counts of the affidavit charging Second Degree Burglary and Theft. On the burglary charge, he was sentenced to imprisonment for an indeterminate period of not less than two nor more than five years and disfranchised for two years. Upon the theft count, he was sentenced to imprisonment for an indeterminate period of not less than one year nor more than ten years. The only error assigned by this appeal is the sufficiency of the evidence.

The State's evidence disclosed that Deputy Sheriff Davis had arrived home from his work shortly after midnight on May 21, 1970, and had dressed for bed when he received a call from the Sheriff's office that a burglary was in progress at Harmon's automobile service station, located one and one-half blocks from the Davis residence in Stinesville. He immediately dressed and went to the service station, arriving at approximately 12:50 a.m. No one was there, but the station had been broken into. Deputy Sheriff Martindale received the same call at 12:44 a.m., at which time he was in the city of Bloomington. He proceeded in his automobile towards the service station and at approximately 12:55 a.m., at a point approximately seven miles from the service station, he was forced off the road by an on-coming automobile driven by one Adolph Schultz. He turned his vehicle around and pursued the Schultz vehicle with siren running full alert, red light on and headlights on high beam. Schultz did not stop when the deputy drew close behind him, so the deputy attempted to pass but was blocked by Schultz's veering into the left side of the road. To avoid a collision, the deputy turned to his right and drew up along side the Schultz automobile. It was apparent that Schultz was not going to stop,

so the defendant turned his vehicle into Schultz's vehicle, to force him off the road. Both vehicles were traveling at high speed, and a collision between them resulted. In the vehicle with Schultz was the defendant and one Richard Nicholson. Also in the Schultz vehicle was the property that had been stolen from the service station. This evidence was not refuted.

We hold that the foregoing evidence is sufficient to sustain the defendant's convictions. It is his contention that the convictions must have been based upon his unexplained possession of recently stolen goods and that the evidence was insufficient upon that ground. He argues that three factors are critical in determining the validity of convictions for the offenses charged based entirely upon the circumstances of possession of recently stolen property, to-wit:

(1) Distance from the scene of the crime when arrested with the property.

(2) Time lapse from the commission of the crime to the arrest of the defendant.

(3) Exclusive possession until the arrest.

Defendant relies upon *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45 in support of his argument. However, in *Finch*, the court reversed for insufficient evidence on the whole and not simply because the defendant was one and one-half miles from the scene of the crime when found. Finch was arrested nine and one-half hours after the crime could have been committed, and it was not established that the goods in his possession were the stolen goods. In this case, as well as in *Finch, supra,* and other cases where the possession of recently stolen goods is a circumstance establishing or tending to establish guilt, the totality of the facts must be regarded. In this case, while it is true that the defendant was arrested seven miles from the scene of the break-in, that distance could easily have been covered in between the time of the arrest and the break-in.

Defendant next argues that there was nothing in the evidence to establish the break-in as having been close, in point of time, to the time that the defendant was found in possession of the stolen property, in that it was shown that the service station had been closed at 8:00 p.m. on the preceding evening and that the break-in might have taken place at any time between then and the time immediately prior to the arrest. We do not agree. It was in evidence that both of the deputy sheriffs above mentioned received calls from headquarters a few minutes prior to the arrest that the burglary was "in progress."

Lastly, the defendant contends, under our holding in *Underhill* v. *State* (1966), 247 Ind. 388, 216 N. E. 2d 344, that in view of the time lag between the possible time of the break-in and the arrest, the State would have to show the exclusive possession in the defendant during the entire period in order for the possession to be sufficient evidence of guilt. However, the question of a substantial time lag has been above disposed of. There was sufficient evidence in the case at bar from which it could be inferred, beyond a reasonable doubt, that the service station had been broken into only moments before the arrest, that property had been stolen therefrom, that one or more of the occupants of the Schultz car had broken, entered and committed a theft and that all were acting in consort.

When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only that evidence most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

A conviction for burglary may be sustained on circumstantial evidence alone. *Coleman* v. *State, supra; Martin* v. *State* (1968), 250 Ind. 519, 237 N. E. 371; *Hardesty* v. *State* (1968), 249 Ind. 518, 231 N. E. 2d 510.

The judgment of the trial court is affirmed.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 775.