ROLAND P. ROGERS *v.* STATE OF INDIANA.

[No. 572A238. Filed December 12, 1972.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—Defendant-appellant Rogers was tried without a jury on an indictment charging him with second degree

burglary. He was found guilty as charged and sentenced to the Indiana State Prison for two to five years and rendered incapable of holding any office of trust or profit for two years.[1]

The defendant's Belated Motion to Correct Errors raises two issues on appeal, that the judgment is not sustained by sufficient evidence and is contrary to law. The two issues have been consolidated on appeal, and will be consolidated here.

The uncontradicted evidence reveals the following: Sometime after midnight and before 2:30 A.M. on October 21, 1970, Mr. Peacock, who resided directly across the street from the Braden Shell Station, looked out his front window and saw two men, one wearing a brown jacket, in the lighted sales area of the station. He also saw that the front window of the station had been broken and that there was a dark colored Chevrolet, with damage to the driver's side and plastic in place of the window, parked in front of the station. Peacock called the police and described to them what he saw.

At 2:33 A.M. Officer Livers, who was on patrol in the area with another officer, received a "radio run" giving a description of the men and the car. Approximately two blocks from the Shell Station, the officers observed a car matching the description with two male occupants, pull to the curb in front of Bar-B-Q Heaven. The officers stopped the car and informed the two men that they were under investigation. Defendant Rogers was one of the two men in the car, and he gave Officer Livers permission to search the vehicle. Officer Livers found a brown sweater along with two cans of S.T.P. on the rear seat of the car. His search of the glove box revealed

1. The pertinent part of Ind. Ann. Stat. § 10-701(b) (Burns 1956 Repl.), IC 1971, 35-13-4-4(b), reads as follows:

"Whoever breaks and enters into . . . any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: . . ."

assorted change amounting to $3.90, two packages of cigarettes, and assorted tools. The two men were then placed under arrest.

During this time, Lonnie Braden, the operator of the Shell Station, was called and told that his station had been broken into. Upon returning to the station he saw the broken front window and waited for the police to return before entering. Once inside, they found that the cigarette machine had been pried open and its money box, which contained approximately $4.55 in change, was missing. Two cans of S.T.P. were also missing from the shelf.

At trial, Mr. Peacock positively identified the picture of the car in which appellant was riding, as the same car he had seen at the station while the burglary was in progress.

In contending that the evidence is insufficient to sustain the conviction, appellant specifically argues that the evidence fails to connect the men seen in the station to the car parked outside of it. Without this connection, and since the articles found in the search may be found in any car, this purely circumstantial evidence fails to exclude every reasonable hypothesis of innocence. In support of his proposition, appellant relies on *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6, 11 Ind. Dec. 34, and *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641, as putting forth the "test" that "[w]here the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant." *Easton* v. *State* (1967) 248 Ind. 338, 344, 228 N.E.2d 6, 10, 11 Ind. Dec. 34, 38. *Baker* v. *State, supra,* contains essentially the same language and states that what amounts to substantial evidence must be more than a scintilla of evidence.

What the appellant has put forth as the "test" for whether or not the evidence is sufficient to sustain the conviction, is

no more than the normal inquiry made by this Court when the issue of the sufficiency of the evidence is raised on appeal. That being, that this court may only consider that evidence most favorable to the State coupled with all the logical and reasonable inferences which may be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt, the conviction will be affirmed. *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775, 31 Ind. Dec. 709; *Hart* v. *State* (1972), 285 N.E.2d 676, 32 Ind. Dec. 96; *Graves* v. *State* (1972), 153 Ind. App. 532, 288 N.E.2d 189, 33 Ind. Dec. 207.

Furthermore, we fail to find any similarity in *Easton* v. *State, supra,* (248 Ind. 338, 228 N.E.2d 6) and *Baker* v. *State, supra,* (236 Ind. 55, 138 N.E.2d 641) which would aid appellant on this appeal. Not only are the factual situations in *Easton* and *Baker* totally distinguishable from the case at hand, but the inquiries of each case are not in point. Granted, they both questioned the sufficiency of the evidence, but *Easton* was concerned with whether or not a burglary had been committed when the evidence revealed only an unlawful presence and did not point to the requisite intent. *Baker* v. *State, supra,* does involve the sufficiency of the evidence in establishing the defendant as the perpetrator of the crime; however, the situation on appeal involved a non-positive identification as opposed to an unimpeached alibi. Neither of those questions are involved here. It is not disputed that a burglary was committed, and the evidence as presented is uncontradicted. Thus the question here is whether the circumstance that the car in which the defendant was apprehended was also the car parked in front of the station while it was being burgled is sufficient to prove that he was one of the men seen in the station.

It is well settled in Indiana that a conviction for burglary may be sustained on circumstantial evidence alone, when it

is sufficient to preclude all reasonable inferences of defendant's innocence and is such that the trier of fact may reasonably and naturally infer to a moral certainty the existence of the fact in issue. *Martin* v. *State* (1968), 250 Ind. 519, 237 N.E.2d 371, 14 Ind. Dec. 465; *Coleman* v. *State* (1971), 257 Ind. 439, 275 N.E.2d 786, 28 Ind. Dec. 37; *Hardesty* v. *State* (1967), 249 Ind. 518, 231 N.E.2d 510, 12 Ind. Dec. 184.

The most reasonable and natural inference one could draw from the fact the two men in the filling station disappeared within the same short time interval in which the car also disappeared is that they left in that car. Within minutes this same car was stopped two blocks from the scene of the crime containing the same type of articles as those taken. The defendant was one of the two occupants of that car. This evidence is sufficient to exclude every reasonable hypothesis of innocence.

The judgment is, therefore,

Affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 135.