## EATHEL JOHNSON V. STATE OF INDIANA.

[No. 1-273A34. Filed June 5, 1973.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged by affidavit with the crime of second degree burglary. Trial was had to a jury, which returned a verdict of guilty of the lesser included offense of entering to commit a felony. A motion to correct errors was timely filed and overruled by the trial court.

The facts, briefly, are that the appellant and one Roy Gene Allen had been drinking heavily during the day and evening preceding the incident. Later the appellant accompanied Mr. Allen to the warehouse occupied by Epi-Hab Evansville, Inc. and by Warehousing, Inc. Evidence disclosed that the two occupants' respective portions of the building were connected by a door which had been closed and locked at the time the businesses closed at the close of the prior business day.

Forcible entry was made into Warehousing, Inc. by knocking out a large glass in a door which triggered a silent alarm, resulting in the arrival shortly of Evansville police. The appellant and Mr. Allen were apprehended inside the building in the portion occupied by Warehousing, Inc. A search of both buildings at this time by police dogs failed to disclose or discover any other person or persons in the building. The door separating the two tenants was broken open and the Epi-Hab portion had been ransacked. A safe had been moved onto a dolly and its handle broken off. Evidence disclosed that the safe weighed between 300 and 400 pounds.

The first two specifications of the motion to correct errors are as follows:

"1. The verdict of the jury is not supported by sufficient evidence upon all necessary elements of the offense for which the defendant was convicted and is contrary to the evidence.

"2. The verdict of the jury is contrary to law. (A memorandum in support of the above specifications 1 and 2 is as follows: * * *"

These specifications were discussed in the appellant's brief and raise the issue of sufficiency of the evidence to prove the

defendant guilty beyond a reasonable doubt. Appellant contends that the evidence was not sufficient to show that the appellant had entered the Epi-Hab portion of the building. Appellant contends that the testimony of Roy Gene Allen indicated that the defendant and he had made no agreement to enter the Epi-Hab portion, and that the defendant did not intend to exercise any control over property.

Appellant contends that the testimony of Allen completely negated any presumption that the appellant ever entered the Epi-Hab portion of the building with the intent to commit a felony.

Appellant correctly states that a criminal conviction must be supported by sufficient evidence of probative value that establishes the guilt of all essential allegations of the charge beyond a reasonable doubt. *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606.

Appellant further contends that the fact the appellant was present at the time of the alleged burglary is not sufficient to establish guilt of the offense of which he was found guilty. Appellant cites the case of *Guetling* v. *State* (1926), 198 Ind. 718, 724, 153 N.E. 765, to the effect that as a matter of law, presence is not sufficient to support a fact of counsel, encourage, hire and command, essential to a conviction.

The State contends that the elements of entering to commit a felony were proved beyond a reasonable doubt. It is the State's position that the testimony of Allen does not negate appellant's participating in the crime but, at best, the testimony only negates itself.

An examination of the record of Allen's testimony shows that Allen could not say with certainty whether or not the appellant entered the Epi-Hab portion of the building. The testimony does not exclude the possibility that the appellant entered the Epi-Hab portion, nor does it conclusively show that the appellant did enter that portion. Thus, it is our opinion that this testimony does not have probative value on this aspect of the case, as appellant concedes in his brief there

was circumstantial evidence that appellant did indeed enter the Epi-Hab portion with the intent to commit a felony.

Our Supreme Court stated, in the case of *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775, 777, as follows:

> "A conviction for burglary may be sustained on circumstantial evidence alone. *Coleman* v. *State (supra); Martin* v. *State* (1968), 250 Ind. 519, 237 N.E.2d 371; ▮▮▮ *Hardesty* v. *State* (1968), 249 Ind. 518, 231 N.E. 2d 510."

From the facts set out herein, it is our opinion that the jury could reasonably infer that the appellant helped Allen move the safe and necessarily entered the Epi-Hab portion of the building. *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285; *Rogers* v. *State* (1972), 154 Ind. App. 445, 290 N.E.2d 135.

The ransacked condition of the Epi-Hab portion gives rise to the reasonable inference that the appellant intended to commit a felony. *Newman* v. *State* (1972), 154 Ind. App. 408, 290 N.E.2d 133; *Young* v. *State, supra.*

We have examined the record and viewing the evidence most favorable to the State and reasonable inferences to be drawn therefrom, it is our opinion that the evidence was sufficient to sustain the conviction. *Taylor* v. *State, supra; Stuck* v. *State* (1970), 255 Ind. 350, 264 N.E.2d 611.

The motion to correct errors sets out further specifications objecting to certain instructions given by the trial court and the propriety of certain testimony. These specifications were not argued in the brief; however in this, a criminal case, we have reviewed all of the specifications set out in the motion to correct errors and are now of the opinion the trial court was correct in his instructions and the admission of evidence. Some prejudice must be shown to justify reversal.

Having failed to argue the specifications and not having shown prejudice under these specifications they are deemed waived. Rule AP. 8.3 (A) (7).

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 296 N.E.2d 665.