EDDIE LEE WILSON *v.* STATE OF INDIANA.

[No. 1-1172A97. Filed September 24, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Wilson was charged by affidavit with the offense of burglary in the second degree, had pauper counsel appointed and was tried before a jury, convicted and sentenced to the Indiana State Prison for a term of not less than two nor more than five years.

Defendant-appellant filed a motion to correct errors *pro se* and afterward the court appointed attorney timely filed a motion to correct errors.

This appeal was brought to us by the Public Defender of the State of Indiana pursuant to PCR Rule 2 (B).

Defendant-appellant's motion to correct errors filed *pro se* is by the Public Defender merged with and pertinent parts are considered and presented under the motion to correct errors presented by trial counsel. Specifications 1 and 4 of the motion to correct errors filed by counsel are waived on this appeal, as no timely objections were made in the trial court for the alleged errors, thus making said errors unavailable on a direct appeal.

Two errors relied upon for reversal are insufficiency of the evidence and that the verdict of the jury was contrary to law. We shall treat these together under Rule AP. 8.3 (A) (7).

The facts most favorable to the State are that the Jeffersonville Police were alerted to the burglary of Nate Graves' Grocery Store in Jeffersonville, Clark County, Indiana.

Officer Whittinghill, upon arriving at the store, went around through a narrow passageway between the Graves grocery and a new building and observed defendant-appellant standing alongside the building with his arms extended into a broken window of the building which was about five feet above the ground, and looking into the building. As the officer approached the defendant-appellant started walking the other direction and met another police officer coming down the narrow passageway from the opposite direction, who had not seen him with his arms in the window. The two officers placed defendant-appellant under arrest.

They found and arrested a confederate in the building and later in the night Mr. Graves, while cleaning up in the store, found a third man hiding there and he escaped.

A concrete block had been thrown through the window through which defendant-appellant had looked inside and through which he had placed his arms and there were groceries and other items of merchandise piled underneath the window and there was merchandise strewn over the floor of the store.

Mr. Graves testified that he was the owner of the building which was used solely as a grocery store; that the doors and windows of the same had all been locked before he closed that night and that no one had been in the store when he closed it and no one had permission to enter the store after he closed it. Officers testified that they had seen two men in the store but could only find one and he was the one they apprehended inside.

The pertinent parts of Ind. Ann. Stat. § 10-701(b) (Burns 1956 Repl.) read as follows:

> "(b) Whoever breaks and enters into . . . any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon con- conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: . . ."

Justice Hunter, in the case of *Johnson* v. *State* (1972), 258 Ind. 648, 283 N.E.2d 532, 534, in discussing the establishment of a prima facie case by the State and whether the evidence was sufficient stated:

> ". . . In reviewing the sufficiency of the evidence, this Court has stated that we will not weigh the evidence on appeal nor will we determine the credibility of witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be con- sidered. As long as there is substantial evidence of proba- tive value sufficient to establish every material element of the crime beyond a reasonable doubt, the judgment will not be disturbed. *Jackson* v. *State* (1971), [257] Ind. [477], 275 N.E.2d 538; *Daniels* v. *State* (1971), [257] Ind. [376], 274 N.E.2d 702; *Valentine* v. *State* (1971), [257] Ind. [197], 273 N.E.2d 543." See also, *Liston* v. *State* (1969), 252 Ind. 502, 506, 250 N.E.2d 739.

Defendant-appellant contends that the only direct evidence produced by the State linking him to the crime was his apprehension at the scene, and the testimony of one police

officer that he had his arms inside a broken window in the burglarized building. He further contends that there was no direct evidence that he broke into or entered the store or that he had any intent to commit a felony therein. There is a further contention there was no direct evidence that defendant-appellant conspired with, aided and/or abetted Thomas and/or Dam (his confederates) to enter into the store with intent to commit a felony.

Defendant-appellant urges that his mere presence at the scene of the crime and opportunity to commit the crime will neither alone be sufficient to support a conviction and relies on the case of *McGill* v. *State* (1969), 252 Ind. 293, 247 N.E.2d 514. *McGill* holds:

> "It is true that mere presence at the scene of a crime, with nothing more, is insufficient evidence to sustain a conviction for participation in the crime. [Cases cited omitted.] *However, presence at the scene in connection with other circumstances tending to show participation in the crime may be sufficient to sustain a conviction.* [Cases cited omitted.]" (Our emphasis.)

Circumstantial evidence was produced by the State as follows:

1. Defendant-appellant was found at the scene of the burglary and with his arms inside a broken window of the grocery, standing on the ground looking inside.

2. Merchandise was found piled up inside the store and some was littered about the interior.

3. Defendant had known and associated with and had been friends for a number of years with the two confederates actually found in the store.

4. Defendant had been observed earlier in the evening of the burglary sitting with his confederates and other men across the street from the store.

> "Conviction for burglary may be sustained on circumstantial evidence alone. [Cases cited omitted.] Intent may be

inferred from circumstances that legitimately permit it. [Cases cited omitted.]" *Coleman* v. *State* (1971), 257 Ind. 439, 275 N.E.2d 786. See, also, *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775.

There is further evidence that merchandise in the store was found, by the owner, to have been disturbed after defendant-appellant's confederates were seen in the store and the merchandise piled at the window where defendant-appellant stood. This was certainly evidence of what the appellant and his confederates were doing and proposed to do in the building.

It is not necessary that defendant-appellant have part of the goods intended to be stolen and removed from the building in his possession before the jury could reasonably infer that he and his confederates broke and entered into the building with intent to commit a felony. *Gibson* v. *State* (1971), 257 Ind. 23, 271 N.E.2d 706, 707.

Evidence that merchandise had been removed or disturbed within the burglarized premises is evidence of guilt.

Judge Sharp of this court, in *Felts* v. *State* (1973), 156 Ind. App. 652, 298 N.E.2d 462, stated:

"The jury had a right to infer that Ediwon and the Appellant were accomplices. In this regard our Supreme Court in *Cline* v. *State*, 253 Ind. 264, 252 N.E.2d 793, 795 (1969) said:

'A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of robbery be established. Here the appellants acted in unison. Any act of one is attributable to them all.'"

See, also, *Crawford* v. *State* (1968), 251 Ind. 437, 241 N.E.2d 795.

Defendant-appellant's third specification of error is the refusal of the court to grant his motion for a directed verdict at the close of all the evidence. The reason assigned is that:

"a. The State of Indiana failed to prove a necessary allegation of the offense charged, viz: the element of an unlawful breaking and entry into the building and structure 'owned and occupied by the "Nate Graves Grocery",' there being no proof whatsoever that said building and structure was owned by 'Nate Graves Grocery,' nor that either of said defendants broke and entered said building and structure."

We find no merit in that argument as Nate Graves testified he was the owner of the building in which defendant-appellant's confederates were found and that the same was not a place of human habitation but was used only for a grocery store and was owned by him. There was also a concrete block just inside the broken window.

There is ample evidence in the record, although circumstantial, that the defendant-appellant and his confederates broke and entered into said building and structure, not a place of human habitation, with intent to commit a felony therein. The court correctly overruled the motion for directed verdict. *State* v. *Overmeyer* (1973), 155 Ind. App. 689, 294 N.E.2d 172.

Defendant-appellant's challenge to the sufficiency of the evidence fails on all asserted bases and therefore the conviction and sentence are not contrary to law and should be and are hereby affirmed.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 392.