DORIS HOGAN, A/K/A BARBARA TAYLOR *v.* STATE OF INDIANA.

[No. 2-373A76. Filed December 28, 1973. Rehearing denied January 28, 1974.]

*Forrest Bowman, Jr.,* of Indianapolis, *Robert G. Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

STATON, J.—Doris Hogan was tried by court and convicted under the Offenses Against Property Act[1] on October 12, 1972. She was sentenced on November 3, 1972 to imprisonment in the Women's Prison for not less than one (1) nor more than five (5) years. Doris Hogan timely filed her mo-

1. IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns 1973 Supp.)

tion to correct errors which raises only one issue for this Court's consideration:

Was the conviction supported by sufficient evidence?

In reviewing the sufficiency of the evidence in this case, we cannot weigh the evidence nor determine the credibility of the witnesses. *Walker* v. *State* (1973), 155 Ind. App. 404, 293 N.E.2d 35; *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558. We will consider only that evidence most favorable to the State with all reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Rogers* v. *State* (1972), 154 Ind. App. 445, 290 N.E. 2d 135; *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775.

Viewing the evidence most favorable to the State, the record discloses the following events on April 24, 1972. Milton Hall, manager of the Woolworth store, saw Doris Hogan standing behind a rack of garments in the middle of the store. He testified as follows:

"Q. . . . [W]hat, if anything, did you see the Defendant do?

"A. I saw the Defendant stuff merchandise from the rack underneath her white dress.

"Q. Did you recognize that merchandise? You can tell the Court what —

"A. Yes. It was an orange garment; actually it was a two-piece garment, slacks and a shell—a top.

"Q. Would you describe the clothing the Defendant wore?

"A. She had a white uniform, a black full-length coat, and that is all.

\* \* \*

"Q. What next did you do?

"A. I walked up to her and I shook my finger at her and can I mention the fact that there was somebody else with her?

"Q. Answer the question, okay?

"A. Okay.

"Q. And what did you say and what did she say to you?

"A. She didn't say much, or she didn't say anything and I didn't say anything. I just shook my finger and she removed the garment that she had stuffed underneath her white dress, stuck it back in the rack. It was rolled up."

Milton Hall further testified that after Doris Hogan put the clothing back on the rack, she ran toward the door of the store. Woolworth employee, Freida Wicks, first saw Doris Hogan as she was running from the store. She observed her stop, take a red outfit from under her white uniform and throw it on the floor before running out of the store. James Livers, a police officer working as a security guard at a nearby J. C. Penney's store, first observed Doris Hogan as she was being chased by Milton Hall across an adjacent parking lot. He had received a call from the Woolworth store that their manager needed assistance. Doris Hogan was stopped approximately two hundred [200] yards from the Woolworth store.

Doris Hogan asserts that in a self-service store, a shopper has ". . . implied permission to exercize all manner of control over the merchandize." Absent any extenuating circumstances and with the added evidence of flight [see *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459], we find the foregoing testimony of Milton Hall, Freida Wick and James Livers substantial evidence of probative value from which the trier of fact could have reasonably inferred that Doris Hogan exerted unauthorized control over the property of the Woolworth store, 4200 South East Street, Indianapolis, Indiana with the intention to deprive the owner of the use and benefit of such property.[2]

2. Doris Hogan raises two other contentions of insufficient evidence: (1) the evidence is circumstantial and does not exclude every reasonable hypothesis of innocence, and (2) the State failed to prove that the merchandise involved in this case was offered for sale pursuant to IC 1971, 35-17-5-3(2)(b), Ind. Ann. Stat. § 10-3030(2)(b) (Burns 1973 Supp.). We reject both contentions of error. The evidence of store

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 304 N.E.2d 838.

manager Milton Hall is direct evidence of Doris Hogan's guilt. Doris Hogan was not charged under IC 1971, 35-17-5-3(2)(b), *supra,* but under IC 1971, 35-17-5-3(2)(a), Ind. Ann. Stat. § 10-3030(2)(a) (Burns 1973 Supp.). As discussed above, the evidence was sufficient to show intent to deprive the Woolworth store of the use and benefit of its property.