GERALD THOMPSON AND GREGORY MOOTYE *v*. STATE OF INDIANA.

[No. 3-374A42. Filed January 30, 1975.]

*Dolores Goldman,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

STATON, P.J.—Gerald Thompson and Gregory Mootye were charged with first degree burglary. The jury found them guilty of entering to commit a felony. IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956). They were sentenced to a term of from one (1) to five (5) years. Their appeal to this Court raises the sole issue of whether the evidence was sufficient to sustain their convictions.[1] We conclude that the evidence was sufficient, and we affirm.

## I.

### *Evidence*

When reviewing the sufficiency of the evidence, this Court cannot weigh the evidence nor determine the credibility of witnesses. *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558; *Walker* v. *State* (1973), 155 Ind. App. 404, 293 N.E.2d 35, *cert. denied* 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974). We will consider only that evidence most favorable to the State with all reasonable inferences which may be drawn

---

1. Other specifications of error asserted in Thompson and Mootye's motion to correct errors have been waived for failure to set forth any argument on these alleged errors. *King* v. *State* (1974), 160 Ind. App. 50, 310 N.E.2d 77; Indiana Rules of Procedure, Appellate Rule 8.3 (A)(7).

therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775; *Coffelt* v. *State* (1974), 159 Ind. App. 485, 307 N.E.2d 497; *Rogers* v. *State* (1972), 154 Ind. App. 445, 290 N.E.2d 135.

Carl Mahone left his home at 803 Pierce in Gary, Indiana, about 12:30 or 1:00 o'clock P.M. on April 18, 1973. His home was in an orderly condition and the doors were locked. Between 4:15 and 4:30 o'clock P.M., Officers Davis and Galiger (phonetically spelled) received a radio message that a burglary was in progress at 803 Pierce. Their patrol car was only three blocks away from the reported burglary. Their marked patrol car pulled up at the side of the house on Eighth Avenue. They observed that the back screen door was open. Thompson and Mootye jumped off the back door step and started walking towards their car, but suddenly they turned abruptly and ran in the opposite direction. Officer Davis called for Thompson and Mootye to halt, but they disregarded his command. In an attempt to pursue Thompson and Mootye, Officer Davis went around to the front of the house, and Officer Galiger went to the rear. Four other police officers had arrived at the scene. Officer Davis momentarily lost sight of Thompson as he chased him toward a neighbor's yard. Officer Davis found Thompson in the custody of Officer Drake, who had his gun drawn. Thompson was leaning with his hands stretched up against the house.

Officer Louis Thompson, Jr., one of the six Gary policemen who answered the burglary-in-progress call, observed Mootye alighting from the bottom step of the back door and running across the yard toward the alley. When officer Thompson came up along the side of the garage looking for Mootye, he heard a noise inside the garage. He waited for Officer James Smith and then went into the garage. He testified that ". . . we told the subject to stand up and put his hands up." They

found Mootye ". . . crouched on the side of the car near the front."

When Carl Mahone returned to his home at about 5:00 o'clock P.M., he found that his house had been ransacked. The front and back doors were standing open. Mr. Mahone testified.

"Q.   Now, you said your home was ransacked, what do you mean by that?

"A.   It was disarrayed. As though they were looking for something, drawers were pulled out and cabinets were emptied."

A TV and a pile of personal clothing were on the back porch. Mr. Mahone further testified that a thirty-eight caliber derringer was missing.

## II.

### Conclusion

We have carefully reviewed the entire transcript of evidence, and we conclude that the evidence was sufficient to sustain the jury's verdict. *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459. The judgment of the trial court entered upon the verdict of the jury should be and the same hereby is affirmed.

Hoffman, J. and Garrard, J. concur.