WILLIAM TRAYLOR *v.* STATE OF INDIANA.

[No. 1-674A101. Filed April 30, 1975.]

*Gerald E. Surface, Jr.,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Traylor appeals from a conviction of sale of narcotic drug, to-wit: dilaudid, a derivative of opium, in violation of IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns Supp. 1972). The following issues are presented for review:

1.  Whether the trial court erred in overruling Traylor's Motion to Dismiss the Indictment.

2.  Whether the trial court erred in overruling Traylor's Motion for Continuance.

3.  Whether the trial court erred in limiting the cross-examination of State's witness Howard Seaton.

4.  Whether a proper chain of custody was established to admit into evidence the results of certain chemical tests and State's exhibit no. 1.

5.  Whether there was sufficient evidence of probative value to support the conviction.

The evidence most favorable to the State reveals that on May 10, 1973, Trooper Donald Bates of the Indiana State Police was working with an informant named Richard Hale on a special narcotics assignment in Richmond. On that day, Bates and Hale met at a prearranged location, and Hale was searched, outfitted with an electronic transmitter so that his activities could be monitored, and given money with which to purchase narcotics. Shortly thereafter, at approximately 5:30 P.M., Hale proceeded in his car to a tavern/poolroom in Richmond. Upon his arrival, Hale approached defendant and attempted to purchase narcotics; however, Traylor refused. Hale then approached one Howard Seaton and the two conversed about a possible drug purchase. Seaton then talked to Traylor, returned to Hale and asked for forty dollars ($40.00) with which to make the buy. Hale complied with Seaton's request. Thereupon, Seaton and Traylor entered the men's restroom and Traylor sold Seaton two saccharin-like tablets. After leaving the restroom, Seaton met with Hale and gave him one of the tablets, keeping the other for his own use.

Thereafter, Hale met again with Trooper Bates and gave him an old cigarette pack containing the tablet he had received from Seaton. Bates then conducted a field test on the tablet in question, and placed it and the cigarette pack in an evidence envelope. Bates sealed the envelope and initialed it. The envelope was kept in a locked attache case in a locked trunk until May 24, 1973, when Bates turned it over to James Forbes, a chemist for the Indiana State Police. On June 12, 1973, Forbes conducted a quantitative analysis of the tablet and determined that it contained dilaudid, a narcotic drug derived from opium.

Thereafter, Traylor was indicted on two charges: (1) sale of narcotic drug and (2) possession of narcotic drug. Trial by jury resulted in a verdict of guilty on count one (sale) and not guilty on count two (possession). Traylor was fined $1.00 and sentenced to imprisonment for a period of not less than five (5) nor more than twenty (20) years. This appeal followed.

## I.

The first issue raised by Traylor is whether the trial court erred in overruling his motion to dismiss the indictment. However, having failed to make an argument in his brief on this issue, he must be deemed to have waived error, if any, in the overruling of the motion. *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Thompson* v. *State* (1975), 163 Ind. App. 129, 321 N.E.2d 861; Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

## II.

Secondly, Traylor maintains that the trial court abused its discretion in denying his motion for continuance. He argues that the ruling constituted a denial of a fair trial in that the continuance was necessary in order to locate material witnesses.

Inasmuch as Traylor's motion for continuance did not comply with the provisions of IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956) which governs such motions in a

criminal proceeding, the issue reduces to whether the trial court abused its discretion in overruling the motion. *King* v. *State* (1973), 260 Ind. 422, 296 N.E.2d 113; *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299.

The record reveals that Traylor's motion was filed on February 21, 1974, and that trial was scheduled for February 25, 1974. The motion sought a thirty day continuance so that Traylor could raise bond, locate and procure character witnesses, and locate a physician from Kentucky who allegedly issued a prescription to Traylor for the drug he sold to Seaton. However, the record further reveals that Traylor had been incarcerated for over eight months prior to the filing of this motion. During this time, neither Traylor nor his attorney made any attempt to depose or subpoena the physician or any other potential witnesses. Therefore, it was not an abuse of discretion to deny Traylor's motion filed a mere four (4) days before trial.

### III.

Thirdly, Traylor contends that it was reversible error to limit the scope of his cross-examination of State's witness Howard Seaton. The record discloses that on direct examination both Hale and Seaton testified that they had on previous occasions sold drugs to several other persons. On cross-examination, Traylor's attorney attempted to force Hale and Seaton to disclose the names of those persons to whom they had sold drugs. Hale responded, without objection, and disclosed the names of five persons to whom he had sold drugs. However, when Seaton was asked for a similar disclosure, State's objection was sustained. Traylor now insists that the sustaining of the objection was reversible error in that it unduly limited the scope of cross-examination. We do not agree.

It is well settled that limiting the scope of cross-examination is a function within the sound discretion of the trial judge. Only upon a showing of a clear abuse of such discretion will this court order reversal. *Franks* v. *State* (1975), 262 Ind. 649, 323 N.E.2d 221; *Webster*

v. *State* (1973), 155 Ind. App. 510, 293 N.E.2d 529; *Brooks* v. *State* (1973), 259 Ind. 678, 291 N.E.2d 559.

In the case at bar, in view of the nature of the cross-examination of Seaton which was allowed and which disclosed his previous involvement in the sale of narcotic drugs, we find no reversible error demonstrated under this issue. We are unable to say that forcing disclosure of the names of persons to whom Seaton had sold narcotics would have had such an effect upon the defendant's attempted impeachment of Seaton's credibility that its denial mandates reversal.

## IV.

Fourthly, Traylor maintains that neither State's Exhibit No. 1, the evidence envelope, nor testimony concerning chemical analysis of the tablet should have been admitted because a proper chain of custody had not been established. We cannot agree.

The applicable law concerning chain of custody was recently discussed by this court in *Kelley* v. *State* (1974), 161 Ind. App. 253, 315 N.E.2d 382:

"The purpose of establishing a chain of custody concerning seized evidence is to show a complete chain of possession from the original receiver to the final custodian and thus lay a proper foundation connecting the evidence in question with the accused. The rule pertaining to chain of custody was succinctly set forth by Justice Hunter, speaking for our Supreme Court, in *Graham* v. *State* (1970), 253 Ind. 525, at 533, 255 N.E.2d 652, at 656, wherein it is stated:

'[W]*here as in the case of seized or purchased narcotics, the object offered in evidence has passed out of the possession of the original receiver and into the possession of others, a chain of possession must be established to avoid any claim of substitution, tampering or mistake, and failure to submit such proof may result in the exclusion of the evidence or testimony as to its characteristics.* Where such evidence or testimony is improperly introduced and is prejudicial to the party against whom it is directed, then the judgment of the trial court should be reversed.' See also: *Butler* v. *State* (1972), [154] Ind. App. [361], 289 N.E.2d 772.

"While a complete chain of custody must be established, the State is not required to exclude every remote possibility of tampering. *Kolb* v. *State* (1972), [258] Ind. [469], 282 N.E.2d 541. Where the State has introduced evidence which strongly suggests the whereabouts of an exhibit at all times, such evidence will often be considered as sufficient for chain of custody purposes. *Guthrie* v. *State* (1970), 254 Ind. 356, 260 N.E.2d 579; *Butler* v. *State, supra.*"

In the case at bar, Seaton testified that he obtained the tablet in question from Traylor on May 10, 1973, and that he gave the tablet to Hale on that day. Hale testified that he gave the tablet that he received from Seaton to Trooper Bates on May 10, 1973. Bates testified that he received the tablet from Hale, placed it in an evidence envelope, (State's Exhibit No. 1), and sealed and initialed the envelope. Bates further testified that he placed the envelope in question in a locked attache case, and the case remained in a locked trunk until May 24, 1973, when he turned the tablet over to chemist James Forbes. Forbes testified that he received the tablet in question from Bates on May 24, 1973, and that he remained in custody of the tablet until June 12, 1973, when he conducted a chemical analysis of the tablet, which analysis consumed the tablet.

This evidence is sufficient to establish a proper foundation and chain of custody for the admissibility of the two evidentiary items in question. We find no error under this issue.

## V.

Finally, Traylor contends that the evidence presented was not sufficient to support the jury verdict of guilty of sale of narcotic drug.

It is well settled that in reviewing convictions to determine if they were supported by sufficient evidence, this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, we view only the evidence most favorable to the State together with all reasonable inferences flowing therefrom. If, from that viewpoint, there is substantial evidence of probative value to

establish each element of the offense charged beyond a reasonable doubt, the verdict will not be disturbed. *Kimble* v. *State* (1974), 262 Ind. 522, 319 N.E.2d 140.

In our opinion, the evidence at trial, as set out above, is substantial evidence of probative value to justify the jury finding that Traylor did, in fact, unlawfully sell a narcotic drug in violation of IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns Supp. 1972).

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 326 N.E.2d 614.