Dennis Leroy **ELLIOTT**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 49S00–8809–CR–810.

Supreme Court of Indiana.

Aug. 7, 1989.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of six (6) years enhanced by thirty (30) years by reason of his status as an habitual offender and a conviction of Theft, a Class D felony, for which he received a sentence of two (2) years.

The facts are: On July 14, 1987 between 8:00 and 9:00 p.m., Wanda Stinson was standing in the back yard of her home talking to her neighbor when a person she knew as Dennis Elliott (appellant in this case) approached her and inquired about her son. She told him that her son did not live there anymore and appellant left.

Almost immediately, her next-door neighbor Tanya LeMasters appeared and told her that two men had walked through her carport and looked inside her house and then had gone to the back of the house where she observed one of them talking to someone (this presumably happened when appellant was talking to Mrs. Stinson). She told Mrs. Stinson that the men had looked in her windows.

In a few minutes, Tanya LeMasters returned and said that the men had returned; one had stood outside the door while the other went in the house and came out carrying a bag that looked like a doctor's bag. The two women then investigated and it was learned that Mrs. Stinson's purse was missing from the house. Police were called, and here the evidence becomes conflicting.

Mrs. Stinson testified that Miss LeMasters asked her if she knew that one of them was Dennis Elliott and she said yes, she did know it. The investigating police officer stated that Miss LeMasters also told him it

was Dennis Elliott and went with the police officer to point out Elliott's former residence. LeMasters, however, testified that at no time did she identify Dennis Elliott, and she further denied that several days later she told the police officers that she would not testify against Dennis Elliott because she had known him a long time.

She did, however, testify that in her opinion it was the same two men who had come first through the carport, one of whom had talked to Mrs. Stinson and in a few minutes returned, and one of them had entered the house and removed the object she described as looking like a doctor's bag which turned out to be Mrs. Stinson's purse.

Appellant claims the evidence is not sufficient to sustain the verdict of the jury. He argues there was no evidence that he broke and entered Mrs. Stinson's house. However, Mrs. Stinson testified that the door was closed but unlocked. The testimony of Miss LeMasters was that one of the men opened the door and entered the home. We have held that the opening of an unlocked door is sufficient to constitute a breaking required in the commission of a burglary. *Creasy v. State* (1988), Ind., 518 N.E.2d 785.

Appellant also claims there is no evidence that he entered with intent to commit a felony. However, the testimony that he exited carrying Mrs. Stinson's purse is sufficient to sustain his intent to commit a felony at the time of the breaking. *Taylor v. State* (1972), 259 Ind. 25, 284 N.E.2d 775.

Appellant also contends there is insufficient evidence that he was the person who entered the home and took the purse. However, when one considers the testimony of Mrs. Stinson that she knew appellant and talked with him and that a few moments later Miss LeMasters appeared and stated the men had looked in Mrs. Stinson's window, then a few moments later Miss LeMasters returned and stated the same men had returned and one of them had entered the Stinson home, sufficient evidence exists from which the jury could conclude that appellant had in fact committed the charged burglary. There is ample

evidence in this record to sustain the verdict of the jury.

Appellant claims the trial court abused its discretion when it imposed the full thirty (30) year enhancement by reason of the habitual offender status. He argues that because one of appellant's prior felonies was a Class D felony the trial court had the power under Ind.Code § 35–50–2–8(e) to subtract up to ten (10) years from the fixed term of thirty (30) years enhancement. However, as recognized by appellant, this is purely a matter of discretion for the trial court.

Where statutes provide that mitigating circumstances may be considered in determining the length of a sentence to be imposed, it is within the absolute discretion of the trial court whether to make findings concerning such potential mitigating factors. This principle applies to the presumptive sentence as to an habitual offender status. *Hernandez v. State* (1982), Ind., 439 N.E.2d 625.

Although it was within the province of the trial court to reduce appellant's enhanced sentence by ten (10) years if he saw fit, there is nothing in this record to indicate that he abused his discretion by refusing to so reduce the sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.