The State *v*. Williams.

Filed Oct. 10, 1894.

---

No. 17,295.

## THE STATE OF INDIANA *v*. WILLIAMS.

CRIMINAL LAW.— *Uttering Forged Instrument.* — *Indictment.* — *Guilty Knowledge.*—*"Knowingly."*—In an indictment for forgery the phrase, "did * * knowingly utter, publish and pass * * as true and genuine, a certain false, forged and counterfeit promissory note," etc., sufficiently avers the guilty knowledge that the instrument was forged.

From the Huntington Circuit Court.

*A. G. Smith*, Attorney-General, *S. E. Cook*, Prosecuting Attorney, and *H. C. Underwood*, for State.

HOWARD, J.—The appellee was found guilty of uttering a forged and counterfeit promissory note, with intent to cheat and defraud, as charged in the following count of indictment, to wit:

"And the grand jury, as aforesaid, for a second count, on their oaths, further charge and present that one

Philip T. Williams, late of said county, on the — day of
January, 1892, at said county and State aforesaid, did
then and there unlawfully, falsely, fraudulently, and
knowingly, utter, publish and pass to one John G. Price,
the agent of Bertha Delorme, and thereby to said Bertha
Delorme, as true and genuine, a certain false, forged
and counterfeit promissory note purporting to have been
made and executed by said Philip T. Williams, Daniel
G. McClarnon and Levi Arnold, for the payment of
money to said Bertha Delorme, which false, forged and
counterfeit promissory note is of the following tenor, to
wit (setting out the forged note), with intent, etc.''

On the return of the verdict the appellee filed a mo-
tion in arrest of judgment, for the reason as stated in the
motion, that ''the second count in the indictment, the
one on which the verdict is based and returned, is in-
sufficient, defective, and does not charge a public of-
fense.''

This motion was sustained and the judgment was ar-
rested over the exception and objection of the prosecut-
ing attorney.

Appellee has filed no brief on this appeal, but we learn
from the brief of the prosecuting attorney that in the
court below counsel for appellee contended that the sec-
ond count of indictment, on which the conviction was
had, ''did not allege that the defendant knew the prom-
issory note uttered was false and forged, and on this
ground the court arrested judgment.''

The second count of the indictment was based upon
the concluding clause of section 2354, R. S. 1894 (sec-
tion 2206, R. S. 1881), relating to the uttering of forged
instruments and to the knowledge, which is a necessary
element of the crime, and making one guilty who ''ut-
ters or publishes as true any such instrument or matter
knowing the same to be false,'' etc.

The allegation in the indictment, as we have seen, is that the appellee "did then and there unlawfully, falsely, fraudulently and knowingly utter, publish and pass * * * as true and genuine a certain false, forged and counterfeit promissory note," etc.

If we understand the contention upon which the ruling of the court was based, it is that the word "knowingly" does not sufficiently express the guilty knowledge necessary to charge the crime of uttering a forged instrument; that it is not enough to allege that the appellee knowingly uttered the forged note, but that it is necessary to allege that he uttered and published a note which he knew to be forged.

In section 1806, R. S. 1894 (section 1737, R. S. 1881), it is declared that "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used." See *State* v. *Chandler*, 96 Ind. 591; *Trout* v. *State*, 111 Ind. 499.

In 1 Bish. Crim. Proc., section 504, it is said that "the word 'knowingly,' or 'well knowing,' will supply the place of a positive averment, in an indictment or declaration, that the defendant knew the facts subsequently stated."

In Bouvier's Law Dictionary the same statement is made.

In Black's Law Dictionary it is said that the use of the word "knowingly," in an indictment, is equivalent to an averment that the defendant knew what he was about to do, and with such knowledge proceeded to do the act charged.

In 1 Greenleaf Ev., section 53, the phrase "knowingly uttering a forged document" is used to express the guilty knowledge of the defendant.

In Gillett's Crim. Law, section 449, and in Moore's

and Elliott's Ind. Crim. Law, section 1236, the same expression is used in the forms of indictment given for uttering counterfeit instruments.

The word "knowingly" is used in a like sense in the cases of *State* v. *Atkins*, 5 Blackf. 458, and *McGinnis* v. *State*, 24 Ind. 500.

In 12 Am. and Eng. Encyc. Law, 522, it is said that "knowingly, in an indictment, is a sufficient averment of knowledge." For a very full discussion of the question, see notes on the same and following pages of the encyclopedia.

The court, in holding the indictment insufficient on motion in arrest, seems to have been governed by an inadvertent ruling in the case of *Powers* v. *State*, 87 Ind. 97.

In that case there was an affidavit and information in four counts, two charging forgery and two charging the uttering of the forged instrument. The defendant was found guilty as charged in the affidavit and information, but not under any particular count. All the counts were attacked as insufficient on the appeal to this court. The court found the counts for forgery to be good, and that they alone were sufficient to support the verdict. This was all that was needed to affirm the judgment. The court, however, proceeded to examine the remaining counts, being those for uttering the forged instrument, and held them bad, while affirming the judgment on the first two counts.

In the third and fourth counts it was charged, in substance, "that the appellant unlawfully, feloniously, fraudulently, falsely and knowingly uttered, published and passed    *    *    *    as true and genuine, the false, forged and counterfeit order, etc."

It was contended that by this allegation it was not charged that the appellant uttered, published and passed such order, "knowing the same to be false, forged and

counterfeit," and this contention the court seems to have sustained.

There is some obscurity in the language used by the court and in the relation of that language to the wording of the two counts held defective. We are not satisfied, from an examination of the opinion, that the court intended to hold in that case that "knowingly uttered the counterfeit order," would not convey the same meaning as "uttered the order knowing it to be counterfeit." The counts are not set out in full in the opinion.

However that may be, we are satisfied, both from the authorities which we have cited and from the common and usual meaning given in the English language to the words "knowingly" and "well knowing," that either expression is equivalent to an allegation that appellee "knew the facts subsequently stated"; that he "knew what he was about to do, and, with such knowledge, proceeded to do the act charged."

To "knowingly utter a forged instrument" is, in truth, the usual and oridinary form of expression, and fully avers the guilty knowledge that the instrument was forged.

The judgment is reversed, at the costs of the appellee.

Filed Oct. 11, 1894.