BONDS *v.* STATE OF INDIANA.

[No. 30,594. Filed March 18, 1966.]

L. *Keith Bulen*, of Indianapolis, for appellants.

*Edwin K. Steers*, Attorney General, and *Frederick J. Graf*, Deputy Attorney General, for appellee.

RAKESTRAW, J.—The appellants, together with two other defendants, were charged by affidavit with grand larceny. The affidavit alleged that the defendants did

"feloniously take, steal and carry away of the personal goods of George L. Neese d/b/a Neese Shell Service, to-wit: one (1) Wall telephone, value ONE HUNDRED DOLLARS and TWENTY SIX CENTS ($100.26) and EIGHTEEN DOLLARS and TEN CENTS ($18.10) in money then and there of the total value of ONE HUNDRED EIGHTEEN DOLLARS and THIRTY SIX CENTS ($118.36) in lawful money, then and there the property of said George L. Neese D/B/A Neese Shell Service, . . ."

The appellants and the other two defendants were riding in an automobile when they were stopped by a police officer because one headlight of the automobile was out and the driver had failed to make a turn signal. After the officer stopped the automobile, he observed a pay telephone and an assortment of cigarettes on the floor in the back of the automobile. The owner of the automobile fled from the scene and had not yet been found at the time of the trial. The remaining three occupants of the car were eventually charged with grand larceny. It turned out that Neese's Shell Service had been broken into, the telephone removed from the wall, and the cigarette machine broken into. One of the defendants (who was given probation and did not appeal) testified, and stated that he did not know that the telephone was in the car when he got into the car, and claimed that the items in the back were covered at the time he entered the car. There was no other evidence linking the defendants with the apparent burglary. All three defendants who were tried maintained their innocence up through the presentence investigation. The three defendants were found guilty by the court and the appellants received sentences of one to ten years.

As grounds for reversal, the appellants relied chiefly upon certain testimony of one Jack Hottle, a "security agent" for the Indiana Bell Telephone Company. He testified that the telephone was the property of the Indiana Bell Telephone Company. While he knew nothing of the particular arrangement for the telephone in Neese's Shell Service, he testified that Mr. Neese was a "bailee or lessee" of the telephone. After he had been dismissed as a witness, he was recalled to the stand by the state and asked the value of the telephone. The appellants objected on the ground that he had not been qualified to give evidence of value. This objection was overruled, and without further questioning, he testified that the telephone was worth $100.26. There is no evidence in the record that Mr. Hottle had any knowledge, either direct or indirect as to the value of the telephone.

In order for any witness to testify as to the value of property, it must be shown that he is qualified through some special knowledge to form an opinion of value. Wigmore on Evidence, 3rd Ed., §§ 711-721.

Underhill's Criminal Evidence, 5th Ed., § 322, reads in part as follows:

"Generally the owner of property is, by virtue of ownership alone, permitted to give his opinion as to the value of property. *If the witness is not the owner he may give his opinion if he is shown to have special knowledge of the values in question, but not otherwise,* and not when based upon facts which are not in evidence, . . ." [Our emphasis.]

The following rule is laid down in West's Indiana Law Encyclopedia, Evidence, § 259:

"A nonexpert witness may testify by opinion to prove the value of property if he has knowledge of the property and states the facts upon which he bases his opinion.

"If a witness has no knowledge of the property in question, his opinion as to its value is not admissible, but if he has some knowledge, the extent of that knowledge goes to the weight of his testimony, and not to its competency."

In this case there was no evidence indicating that the witness Jack Hottle had any knowledge to justify the figure

he gave as to the value of the telephone. It is true that he gave an exact dollar and cents figure. However, this figure would not be admissible if it was merely given to him by others. See Underhill's Criminal Evidence, 5th Ed., § 322, *supra.*

Without this evidence of value, there is no evidence in the record to indicate that goods in a value in excess of $100 were taken. It is the obligation of the state to prove by competent evidence that the value of the goods taken was at least $100 to justify a conviction for grand larceny. *Carver* v. *State* (1962), 243 Ind. 183, 183 N. E. 2d 592.

The judgment of the trial court is therefore reversed, and this cause is remanded to the trial court with instructions to sustain the appellant's motion for a new trial.

Myers, C. J., Arterburn & Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 796.