## CARPENTER, ET AL. *v.* STATE OF INDIANA.

[No. 468S67. Filed November 13, 1968.]

*John A. Kendall, Joe Stevenson, Stevenson, Kendall and Stevenson,* Danville, for appellants.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

LEWIS, C.J.—This is an appeal from separate convictions of Kidnapping pursuant to Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-2901. The appellants were tried jointly by the court, without intervention of a jury, and received life sentences.

One of the assigned errors relied upon by the appellants was that the trial court committed reversible error by considering evidence of the appellants' submission to a lie detector test.

At the conclusion of the evidence on November 13, 1967, the appellants, in the presence of their counsel, agreed to submit to a lie-detector test. The trial judge stated that the trial would be continued and that the results of the examination would be admitted into evidence and be considered by the court in its determination.

On December 11, 1967, the results, in the form of a letter from the Indiana State Police Laboratory, were "filed in open court." The following excerpts from the record depict the above events:

> *THE COURT:* All right, then. The defendants will be remanded in the custody of the Sheriff in lieu of bond in the amount of $50,000.00. The matter will be continued. The results of the tests will be admitted or become a part of the evidence in this case and considered by the court in its determination." (Nov. 13, 1967)

> "And afterwards to-wit: On the 11th day of December, 1967, the same being the 76th Judicial Day of the September Term, 1967, of the Hendricks Circuit Court, before the Honorable Richard J. Groover, sole Judge thereof, the following proceedings were had herein, viz:

> Results of polygraph test is now filed herein, which results are in the following words and figures, to-wit:

>> [A letter from Mr. Kenneth W. Houck, F/Sergeant, Indiana State Police Laboratory, in which the results of the lie-detector tests were described.]" (December 11, 1967)

Examination of this record reveals that there is no showing that the results of the examination were ever properly introduced into evidence. There is no reporter's exhibit mark attached or assigned to the exhibit; nor is there any showing that the appellants or their counsel were present. The author of the letter was neither under oath nor present in court for examination or cross-examination. The letter was not authenticated in any way.

In addition to the letter not having been properly introduced into evidence, it was incompetent by reason of being hearsay evidence. Hearsay may be in written form as well as being oral. In *Romey* v. *Glass* (1950), 120 Ind. App. 279, 91 N. E. 2d 850, the following appears:

> "The court admitted in evidence many hospital, doctor and nursing bills, and bills for fuel oil and other supplies . . . .

This evidence was hearsay. *State* v. *Schaller* (1942), 111 Ind. App. 128, 40 N. E. 2d 976; *Speck* v. *Kramer* (1926), 84 Ind. App. 646, 151 N. E. 37; 31 C. J. S., *Evidence,* § 194, p. 930. . . ."

Also, the District Court of Appeal of Florida, second district, in *Belk* v. *State* (1964), 167 So. 2d 239, made the following statement:

"Appellant's proffer of a letter or its .contents into evidence was refused and she raises this as a point on her appeal. The letter was written by appellant's daughter to a third person and its contents tended to corroborate certain testimony given by appellant and, without question, its contents were favorable both to appellant and to the daughter. The daughter was available to testify but was not called and thus the State would have been deprived of the right to cross examine her as to the letter had the trial judge ruled differently. The daughter was also at the time under a charge of receiving stolen goods and was to be tried separately at another time. This offer was in clear violation of the hearsay rule. For a discussion of it, see 13 Fla. Jur., Evidence, §§ 208, 209 and 210. Our attention has not been directed to any exception to this rule which would be applicable under the .circumstance."

We are impressed by this holding and hereby subscribe to it.

The dangers of the situation presented to us by this appeal are apparent. Here the court considered material that was not admitted into evidence; this material was not properly before the court as evidence. We do not here pass upon the validity of a polygraph test because we do not believe it incumbent upon us to make that legal judgment at this time. However, we must .conclude that a polygraph test, the same as any other scientific evidence, certainly can only be presented by the technician presenting testimony before the court with all counsel present as well as the defendants present. The defendants, by their counsel, certainly should have the right to examine the technician concerning the validity of the test; the questions propounded during the test; the

technician's training; and all other matters pertinent to the validity of any scientific investigation.

The hearsay result which the court considered here resulted in substantial prejudice to the rights of these defendants and a new trial must be granted. It would be extremely dangerous for this Court to put its stamp of judicial approval on the procedures followed in this trial.

We conclude that to approve this method of out-of-court tests without the protection of examination and cross-examination would be to deny the protections and the ordinary processes that are inherent in the traditional rules of evidence and orderly procedure.

Judgment is reversed, with directions to grant the Motion for New Trial.

Arterburn, DeBruler, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 347.