JOHN C. CRIM, a/k/a BOB MILLER *v.* STATE OF INDIANA.

[No. 369S42. Filed August 12, 1971. Rehearing denied October 29, 1971.]

*Carl M. Franceshini,* of Michigan City, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of the crime of theft. The errors assigned on this appeal relate to the overruling of the trial court of his motion to suppress certain evidence obtained from the person and vehicle of De-

fendant shortly after his arrest. The arrest was made without benefit of a warrant. It is the contention of the defendant that there was no probable cause for the arrest and no warrant to search the vehicle, which there was not, and that consequently the evidence sought to be suppressed was inadmissible, having been obtained in violation of Article I, § 11 of the Constitution of Indiana and the Fourth Amendment to the Constitution of the United States.

The evidence in question consisted of a negotiable bank check, a purchase memorandum and a booklet of blank bank checks. The first two items had been taken from the person of the defendant at the time he was searched and jailed. The last mentioned item had been taken from its concealed position behind the back of the seat of the defendant's vehicle, which he was driving at the time of his arrest. The only probative value of these items was to identify the defendant as the person who presented himself to the sales barn manager on August 8th as Bob Miller and asked for and received payment for the Bob Miller hogs.

The hogs had been stolen from their owner in Pulaski County during the night or early morning of August 3rd and 4th, 1967, and left unattended and unreceipted for in a pen at Claypool Sales Barn, in Koscuisko County, sometime between 6:30 p.m. on August 3rd and 8:00 a.m. on August 4th. State's Exhibit 2, a card with the name "Bob Miller" printed thereon, was found on the pen by the sales barn employee at the time he discovered the hogs.

The booklet of blank checks was never offered in evidence, and thus no question is presented with respect to it.

We have reviewed the evidence adduced at the hearing on the motion to suppress, and while we are of the opinion that it supported a valid arrest and search, in the interest of conserving time and effort we will not here relate it. The defendant was identified at the trial by personnel of the sales barn as the same person who had sold livestock through the sales barn on two previous occasions and who had appeared

on August 8th and asked for and accepted a check in payment for the Bob Miller hogs. This evidence was uncontroverted. The evidence sought to be suppressed, therefore, was merely cumulative, and the propriety of the arrest and search rendered moot.

The admission of improper evidence which tends only to disclose a fact which is clearly proved by other legitimate and uncontroverted evidence is harmless error. *Davis* v. *State* (1968), 251 Ind. 133, 239 N. E. 2d 601; *Peterson* v. *State* (1968), 250 Ind. 269, 234 N. E. 2d 488; *Jackson* v. *State* (1967), 248 Ind. 579, 228 N. E. 2d 2; *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21.

Judgment affirmed.

Arterburn, C.J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 85.