CAROL CODY, ALIAS CAROL LOCKETT *v.* STATE OF INDIANA.

[No. 2-573A108. Filed December 28, 1973. Rehearing denied January 28, 1974.]

---

Robert E. Hughes, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

STATON, J.—Carol Cody alias Carol Lockett was tried by court and convicted under the Offenses Against Property Act[1] on November 2, 1972. She was sentenced on December 21, 1972 to imprisonment in the Indiana Women's Prison for not less than one (1) nor more than ten (10) years. Cody timely filed her motion to correct errors which raises the following issues for this Court's consideration:

ISSUE ONE: Was the conviction supported by sufficient evidence?

ISSUE TWO: Was there sufficient evidence to establish the value of the stolen merchandise?[2]

ISSUE ONE: In reviewing the sufficiency of the evidence in this case, we cannot weigh the evidence nor determine the credibility of the witnesses. Walker v. State (1973), 155 Ind. App. 404, 293 N.E.2d 35; Smith v. State (1970), 254 Ind. 401, 260 N.E.2d 558. We will

---

1. IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns 1973 Supp.).
2. Although Appellant raises an allegation of error in her motion to correct errors contending that value should be established as intrinsic value rather than retail value, this allegation is waived for failure to include it in the argument portion of Appellant's brief. See Rule AP. 8.3(A)(7); McCulley v. State (1971), 257 Ind. 135, 272 N.E.2d 613; Ruggirello v. State (1969), 252 Ind. 144, 246 N.E.2d 481.

consider only that evidence most favorable to the State with all reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Rogers* v. *State* (1972), 154 Ind. App. 445, 290 N.E.2d 135; *Taylor* v. *State* (1972), 259 Ind. 25, 284 N.E.2d 775.

The record discloses the following evidence favorable to the State. On May 4, 1972 at approximately 12:00 o'clock noon, Shelia McClanahan, a security officer at the William H. Block Company, 4200 South East Street, Indianapolis, Indiana, observed Carol Cody and a companion, Jessie Peterson, in the better dress department. She testified as follows:

"Q. Let me back up just a minute, if I may, and ask you at the time you originally saw the Defendant, what exactly did you see her do herself?

"A. I observed Carol Cody take two dresses from the rack with her left hand on one side of the sack, and her right hand took the two dresses from the rack, and pushed them down inside the sack.

"Q. All right. Where was her companion at that time?

"A. On the opposite side. He had his hand on the other side of the sack."

Officer McClanahan stated that she was eight feet away from Carol Cody and had a clear view of her transferring the dresses. This testimony is further substantiated by the observations of Special Deputy Larry Sexson of the Marion County Sheriff's Department, who was also working as a security officer at the William H. Block Company on May 4, 1972. He testified:

"A. Yes, I saw the subjects enter the store, at which time I immediately called Officer McClanahan to help me to take over the surveillance of the two subjects.

"Q. Then what did you do, Sir?

"A. I stood approximately 20 feet away from the subjects, while they were in the better dress Department.

"Q. Could you see the subjects at this time?

"A. Yes I could.

"Q. I saw Carol Cody take two dresses off of the rack,
[A] and bend over, at this time I took a position towards the South entrance of the store. As they were coming down the aisle, Officer McClanahan, was identifying himself and the other subject fled through the doors, and I stopped him on the outside, and I identified myself."

When Officer McClanahan approached Carol Cody, she dropped the sack containing the two dresses. Her companion ran from the store. Officer McClanahan testified that Carol Cody passed approximately six cash registers without paying for the dresses and was only six to eight feet from the south door of the store before she was stopped. The direct evidence set out above is sufficient to support the conviction.

ISSUE TWO: Under IC 1971, 35-17-5-12, Ind. Ann. Stat. § 10-3039 (Burns 1973 Supp.), the penalty for theft of property valued at less than one hundred dollars ($100.00) differs from the penalty for theft of property valued at one hundred dollars ($100.00) or more:

"Penalties—Civil action by injured person—Triple damages.— (1) A person convicted of theft of property not from the person and of less than one hundred dollars [$100] in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars [$500] or imprisoned for not more than one [1] year, or both, or such person may be imprisoned in the state prison not less than one [1] year nor more than [5] years, and fined in a sum not exceeding five hundred dollars [$500] and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period.

* * *

"(3) A person convicted of theft of property of one hundred dollars [$100] or more in value shall be fined in any sum not exceeding five thousand [$5,000] or imprisoned for not less than one [1] year nor more than ten [10] years, or both, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Carol Cody's second contention of error is that because there is some question about the chain of custody of the price tags submitted into evidence with the dresses taken from the William H. Block Company, this evidence is insufficient to show theft of property with a value of one hundred dollars ($100.00) or more. This contention of error must fail for two reasons.

We agree that the record discloses some question as to whether the price tags in question were continuously attached to the dresses taken from the William H. Block Company. However, the Prosecutor attached the price tags to the dresses in court and submitted the dresses and price tags to the court as State's Exhibit 1 and Exhibit 2. There was no objection by Carol Cody to the admission of these exhibits into evidence. Failure to object to the admissibility of evidence at trial waives this contention of error and no issue is preserved on appeal. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286 N.E.2d 219.

Even if the price tag evidence were incompetent and properly objected to, where the incompetent evidence tends only to show facts proven by other competent evidence, there is no reversible error. *Crim* v. *State* (1971), 257 Ind. 51, 272 N.E.2d 85; *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601. Nancy Main, assistant buyer at the William H. Block Company, identified the two dresses as the property of the William H. Block Company and testified as follows as to their value:

"Q. Now, is it possible, the price on that dress, or those dresses, and even the ones that you have in the store were all printed wrong and do you still think that is the same price?

"A. It is possible but I do know the exact price of those dresses.

"Q. On what basis do you know the exact prices of these dresses?

"A. I check, every piece of merchandise with a few excep-

tions of the Glendale store, comes to the down town store, and I can read the hole on the tickets, and verify the holes with the actual printing on the ticket and I accept tickets with the purchase order copy with the dress.

"Q. Do you see the purchase order or invoice on those dresses?

"A. Yes sir I did."

She verified that the price tag on Exhibit 1 reading $60.00 and the price tax on Exhibit 2 reading $76.00 expressed the correct prices of the two dresses from her own specialized knowledge. A witness may testify as to value of property if he is shown to have some special knowledge of the values in question. *Bonds* v. *State* (1966), 247 Ind. 260, 262, 214 N.E.2d 796. As an assistant buyer, Nancy Main testified that she had independent knowledge of the price of these particular dresses and this evidence is sufficient to show value regardless of the admissibility of the price tax evidence.

The value of the property stolen was sufficiently established beyond a reasonable doubt.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Robertson, P.J., concur.

NOTE.—Reported at 304 N.E.2d 820.