JACK ARNOLD MCALLISTER *v.* STATE OF INDIANA.

[No. 1-473A57. Filed February 7, 1974.]

---

*Harold G. Barger* and *George W. Barger,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (McAllister) is appealing his being found guilty by a jury of possession of less than 25 grams of a dangerous drug. The primary error asserted in McAllister's overruled motion to correct errors concerns the purported illegal search of McAllister's person.

A summary of the facts reveal that the Sheriff of Shelby County, in concert with other police agencies, utilized an informer and electronic surveillance to secure information relating to drug activity in and about the Blue River Inn in Shelbyville. A probable cause affidavit based upon the gathered information was submitted resulting in a search warrant. That warrant, omitting the caption and formal parts, read:

> "WHEREAS, there has been filed with this Court probable cause affidavit in support of a search warrant executed by Norman G. Murnan requesting a warrant for search and seizure; and,
>
> WHEREAS, the Court upon examining same now finds that probable cause exists for the issuance of said warrant for search and seizure, now commands in the name of the State of Indiana with the necessary and proper assistance of any Constable, Sheriff, or State Police Officer to enter into and upon the following described premises, to-wit: the Blue River Inn located at 23 West Jackson Street, City of Shelbyville, State of Indiana, and there diligently search for the following items of evidence: dangerous drugs of marijuana, mescaline and LSD, and narcotic drugs of heroin and any and all devices used for the purpose of inducing the same into a human body, and that you bring the same or any part thereof found in such search forthwith to my office to be disposed of by law."

During the ensuing raid on the Blue River Inn all of its patrons were searched, including McAllister. After being told to empty his pockets McAllister was patted down by a Trooper. A packet of weedlike material, subsequently identified as marijuana, was discovered in the pocket of the jacket McAllister was wearing. The police had no information connecting McAllister to the Blue River Inn and the drug traffic therein.

The thrust of McAllister's argument is that the officers exceeded the scope of the search warrant. It is the State's position that the warrant allows search of the persons within the place described in the search warrant, and the probable cause affidavit, which sought permission to search patrons of the Blue River Inn, is an integral part of the warrant, therefore, the officers acted within their scope of authority.

For reasons stated hereafter, we are of the opinion that the search warrant did not give authority for the search of McAllister's person. (The facts indicate that the only available theory justifying the searching of McAllister is from authority contained in the warrant. There is no question raised regarding a search incident to a warrantless arrest, the plain view doctrine, or any other concept which would validate the search of McAllister.)

Prior to discussing the merits of the case at hand, recognition must be given to the constitutional proscription, both state and federal, of general search warrants. A search warrant must particularly describe "the place to be searched, and the person or thing to be seized". Indiana Const. art. 1, § 11, U.S. Const., amend. IV. A search warrant vesting discretion in an officer is void. *Rose* v. *State* (1909), 171 Ind. 662, 87 N.E. 103; *Brown* v. *State* (1959), 239 Ind. 358, 157 N.E.2d 174. Additionally, it is the law that a search warrant for a person or persons must be as specific as a search warrant directed to a particular location and property. See, in general, Annot., 49 A.L.R. 2d 1209 (1956).

Two applicable Indiana statutes on search warrants are:

"Justices of the peace * * * or the judge of any court of record, may issue warrants upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized,* to search any place for the following:

\* \* \*

(d) The term 'place' as used in this section shall include any location where property as defined herein might be secreted or hidden, including, but not limited to buildings, persons and vehicles." (Our emphasis). IC 35-1-6-1, Ind. Ann. Stat. § 9-601 (Burns 1973).

and:

"Warrant for search substantially in the following form, shall be deemed sufficient:

\* \* \*

To any constable, police officer, sheriff or conservator of the peace, greeting: Whereas, there has been filed with me an affidavit of which the following is a copy: *(Here copy the affidavit.)* You are, therefore, commanded, in the name of the State of Indiana, with the necessary and proper assistance, in the daytime or in the nighttime to enter into or upon the premises described in said affidavit and there diligently search for said goods and chattels, to wit: in said affidavit described and that you bring the same, or any part thereof found on such search, forthwith before me at my office, to be disposed of according to law." (Our emphasis). IC 35-1-6-3, Ind. Ann. Stat. § 9-603 (Burns 1956).[1]

One deficiency noted is the failure of the search warrant to incorporate the probable cause affidavit within the body of the warrant as set forth in the foregoing statute. Neither can we tell from a reading of the record if the probable cause affidavit was attached to, or in any other way made an integral part of the search warrant when it was served during the Blue River Inn. Assuming compliance with Indiana law the probable cause affidavit is a part of the search warrant. See: *United States* v. *Robinson* (N. D. Ind. 1968), 287 F.

1. There must be strict compliance with the above quoted statutes. See *Holtel* v. *State* (1972), 255 Ind. App. 1, 290 N.E.2d 775.

Supp. 245. However, in this case we are unable to find evidence of such a compliance.

The case of *United States* v. *Festa* (D. Mass. 1960), 192 F. Supp. 160, bears great similarity to the facts of this case. Festa was in Chicks Bargain Shoe Store when it was raided in a search for wagering paraphernalia. The warrant directed a search of the premises only. Festa concluded that since his liberty had been restrained he had been arrested. Later, upon command, he emptied his pockets revealing papers showing his participation in illegal activities. The evidence should have been suppressed. The court held:

> "Nor can the arrest be justified on the ground that when an officer has a warrant to search for and seize property upon designated premises he has the additional authority to arrest without warrant persons who are on the premises when he executes the property warrant. So broad an authority does not exist. It is not the law that armed with a search warrant for a particular building an officer may 'search all persons found in it'. United States v. Di Re, 332 U.S. 581, 587, 68 S. Ct. 222, 225, 92 L. Ed. 210." See also: *United States* v. *Haywood* (E.D. La. 1968), 284 F. Supp. 245.

The foregoing cases are to be distinguished from those where the officer saw in plain view the article to be searched for in the hands of the defendant. Compare: *Walker* v. *State* (D.C. Cir. 1963), 327 F.2d 597. *Clay* v. *United States* (5th Cir. 1957), 246 F.2d 298.

Having found that the search warrant at hand did not confer authority for a search of McAllister's person, we accordingly reverse and remand for further action by the trial court not inconsistent with this opinion.

Reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 306 N.E.2d 395.