LARRY EDGAR WRIGHT *v.* STATE OF INDIANA.

[No. 2-174A4. Filed May 27, 1975. Rehearing denied June 24, 1975.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—The only issue properly presented for review by this appeal is whether the evidence is sufficient to sustain Larry Edgar Wright's conviction of possession of narcotics, to-wit: Cocaine.[1]

We affirm.

The facts viewed most favorably to the State are as follows:

At about 2 p.m. on April 4, 1973, Indianapolis Police Officers Combs, Crawford and Sims went to 3110 N. Guilford in Indianapolis to execute a search warrant for the house and all persons present.[2] After knocking and identifying themselves as police officers, and after hearing running inside the house, they forced entry to the premises. Sims remained downstairs while Combs and Crawford ran upstairs, after hearing the toilet flushing. They encountered Wright and Arthester McCruision in the upstairs bathroom. Combs searched McCruision and Crawford searched Wright. In Wrights' right front pant's pocket, Crawford found a tinfoil packet containing a white powdery substance. The substance was later shown to be cocaine.

Wright's argument consists only of an assertion that the trial court did not properly assess the credibility of the testimony of Officers Combs and Crawford that the cocaine was

---

1. Acts 1935, Ch. 280, § 2 (repealed 1973).
2. Any question as to the sufficiency of this warrant is not properly raised in this appeal and therefore the effect of McAllister v. State (1974), 159 Ind. App. 340, 306 N.E.2d 395 is not considered.

discovered in Wright's pants pocket. At the trial of Janet Roberts, a resident of the house, Combs testified that both Wright and McCruision were wearing only underclothes when Combs and Crawford conducted the search of the house. At Wright's trial, Combs again testified McCruision was clad only in underwear, but stated that Wright had on a pair of pants. Crawford testified Wright had on a pair of pants when searched, and Wright himself testified he had on a pair of pants when Officer Combs and Crawford arrived.

When presented with a challenge to the sufficiency of the evidence, this court will not weigh the evidence, nor reassess the credibility of witnesses, but will look only to the evidence most favorable to the State and to any reasonable inferences therefrom which support the verdict. *Cartwright* v. *State* (1972), 154 Ind. App. 328, 289 N.E.2d 763.

After hearing all this testimony, the trial court obviously concluded Combs's testimony at the Roberts trial was incorrect and that, when searched, Wright had on a pair of pants and the packet containing cocaine was discovered in the pocket of these pants.

This conclusion, supported by the evidence and the permissible inferences most favorable to the State cannot be disturbed here.

In his brief, Wright also asserts the packet containing cocaine should not have been admitted because it was obtained in a search which exceeded the scope of the search warrant. Any error in the admission of this evidence was waived by Wright's failure to raise the issue in his Motion to Correct Errors. *Weignart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222.

Judgment affirmed.

NOTE.—Reported at 328 N.E.2d 253.