PHILLIP HARTMAN *v.* STATE OF INDIANA.

[No. 2-174A37. Filed June 4, 1975. Rehearing denied July 8, 1975.]

*Lawrence O. Sells,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Phillip Duckwall,* Deputy Attorney General, for appellee.

PER CURIAM—Phillip Hartman's appeal from his conviction of theft[1] presents three issues for review:

1. Did the trial court err in sustaining the State's objection to the admission of the results of a polygraph examination given Hartman?

2. Is the evidence sufficient to sustain the conviction?

3. Was Hartman denied his right to cross-examine a State's witness?

We affirm.

The facts of this case viewed most favorably to the State are as follows:

On December 8, 1973 Paul Harris, Inc. Store in the Speedway Shopping Center in Marion County, Indiana was equipped with an alarm system which is triggered when unsold merchandise to which an inventory control tag is attached passes between two boxes located on either side of and about 3 feet inside the front door of the store. Shields separate this door area from the rest of the Store and prevent both tags on nearby merchandise from triggering the alarm and persons from accidentally wandering into the area. The only cash register or check-out counter is in the center of the store.

At about 12:40 p.m. on that day, Cheryl Mason, Store Manager, heard the alarm go off and saw Hartman, whom she had previously observed looking at merchandise, at the door area. She approached him, asked if he had an inventory control tag with him and when Hartman replied that he did, she asked him to accompany her to the back room. There, Hartman reached underneath his jacket and produced a man's shirt belonging to Paul Harris, Inc. and having a value of $12.00.

---

1. IC 1971, 35-17-5-3(1)(a), Ind. Ann. Stat. § 10-3030(1)(a) (Burns Supp., 1974).

ISSUE ONE—Hartman attempted to testify concerning a polygraph test administered to him and the results of that test. The State's objection was sustained. On appeal, Hartman asserts first, that the State agreed to drop charges if Hartman passed a polygraph test and should be bound by that agreement. The record does not contain any evidence indicating whether or not such an agreement was made. This omission, reflecting Hartman's failure to properly present this issue to the trial court, prevents this court from reaching the merits of Hartman's assertion.

The proper procedure for a defendant to assert immunity with respect to the crime charged, is for the defendant, either before or during trial to file a Motion to Dismiss the charges. IC 1971, 35-3.1-1-4, Ind. Ann. Stat. § 9-906 (Burns Supp., 1974). Upon the filing of this written motion, the State would have been obligated to either admit or deny the existence of an agreement and, if denied, the trial court would have been obligated to conduct a hearing to resolve this issue of fact. IC 1971, 35-3.1-1-8, Ind. Ann. Stat. § 9-910 (Burns Supp., 1974). By not filing a Motion to Dismiss and remaining silent hoping for an acquittal, when that acquittal does not occur, Hartman is precluded from asserting the existence of an agreement granting him immunity from prosecution. *Brown* v. *State* (1970), 254 Ind. 504, 260 N.E.2d 876.

Hartman also asserts the sustaining of the State's objection to his testimony concerning the polygraph test was error because, the test was taken at the suggestion of the State and the State had impliedly consented to the admission of the results. Even assuming consent by the State, this assertion is without merit. In *Carpenter* v. *State* (1968), 251 Ind. 428, 241 N.E.2d 347, our Supreme Court indicated that results of polygraph tests, taken upon a stipulation that the results would be admissible, might be admissible, but only if certain conditions are met. These conidtions included that the examiner must be present in

court for examination and cross-examination concerning the validity of the test, the questions propounded, the technician's training, and all other matters pertinent to the validity of any scientific investigation. Since here Hartman merely attempted to testify as to the results of the test given him, without any testimony from the examiner, the trial court properly sustained the State's objection to this testimony.

ISSUE TWO: When presented with a challenge to the sufficiency of the evidence, this Court will not weigh the evidence, nor reassess the credibility of witnesses, but will look only to the evidence most favorable to the State and to any reasonable inferences therefrom which support the verdict. *Hogan* v. *State* (1973), 159 Ind. App. 143, 304 N.E.2d 838. The testimony of Cheryl Mason, that Hartman was discovered near the door with a shirt he had not paid for, hidden under his jacket permits an inference that he was in the process of leaving the store, without paying for the shirt, and was exerting unauthorized control over the property of Paul Harris, Inc., with the intent to deprive Paul Harris, Inc. of the use and benefit of its property. This evidence and permissible inferences are sufficient to sustain Hartman's conviction. *Cody* v. *State* (1973), 159 Ind. App. 125, 304 N.E.2d 820.

ISSUE THREE: After the State's direct examination of Cheryl Mason, the trial judge, after a long pause, asked if that was all and, receiving no response, excused the witness. On appeal, Hartman contends the trial court's failure to expressly ask if he desired to cross-examine Mrs. Mason, denied him his right to cross-examination. Hartman did not raise this contention in his Motion to Correct Errors and thus, this issue has been waived. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227.

Judgment affirmed.

NOTE.—Reported at 328 N.E.2d 445.