David CLARK, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–978A333.

Court of Appeals of Indiana,
First District.

Feb. 5, 1980.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Irwin A. Bain, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The appellant, David A. Clark, was convicted in the Hamilton Superior Court of the offense of possession of a controlled substance and sentenced to a determinate term of seven (7) years. Clark brings this appeal challenging the sufficiency of the

evidence to sustain the verdict, the admission of certain evidence and the denial of his motion for mistrial and motion for judgment on the evidence.

We affirm.

## STATEMENT OF THE FACTS

The facts, as revealed by the evidence most favorable to the State, are that on November 5, 1975, Officer Gang of the Noblesville Police Department saw Clark in a pickup truck in downtown Noblesville. Gang checked with the Noblesville Police Department to determine if the department still had an active warrant for Clark's arrest, and followed Clark's truck to a location in the 1800 block of Hannibal Street where Clark stopped at a residence. Gang called for other officers, and then approached Clark who was then in the yard, and asked Clark to wait because another officer had a warrant to read to him. Other officers then arrived with the warrant and Clark was arrested and given *Miranda* warnings. A pat-down search of Clark at the scene revealed an aspirin tin with three small white pills in it which was removed from the waistband of Clark's trousers. Clark was then taken to the Hamilton County jail and as a result of a more thorough search of his person, by a turnkey, a plastic bag containing 82 white pills was taken from the pocket of Clark's trousers. Laboratory tests revealed the presence of amphetamines in the pills taken from the plastic bag. There was not a sufficient amount of material in the pills in the aspirin box to obtain any results of identification tests.

At the trial, during the testimony of Officer Jeffries, the officer who read the warrant to Clark, the arrest warrant was introduced in evidence over Clark's objection. The warrant was for the arrest of Clark on charges of first degree burglary and theft.

At the conclusion of the State's evidence, Clark moved for a mistrial based upon the admission of the warrant into evidence, and also moved for judgment on the evidence. Both motions were overruled. Clark rested without presenting any evidence, and renewed his motions for mistrial and for judgment on the evidence which motions again were denied.

After his conviction and sentencing, Clark filed a motion to correct errors which was denied. Later, Clark sought and obtained permission to file a belated motion to correct errors, and it is from the denial of his belated motion to correct errors that this appeal is taken.

## ISSUES

1. Whether the verdict was supported by sufficient evidence of the crime charged, to-wit:

(a) Whether there was sufficient evidence to support a finding that Clark was in possession of a controlled substance;

(b) Whether there was sufficient evidence to support a finding that Clark knowingly possessed a controlled substance;

(c) Whether there was sufficient evidence to support the verdict;

and whether the court erred in overruling Clark's motion for judgment on the evidence at the close of the State's case.

2. Whether the court erred in admitting over objection and reading to the jury the arrest warrant and in overruling Clark's motion for mistrial based upon the admission of such evidence.

## DECISION

*Issue One*

■ The questions raised by Clark under this issue all pertain to the sufficiency of the evidence. It is clear that when the sufficiency of the evidence is raised as an issue on appeal, this court will consider only that evidence of probative value most favorable to the State, and if that evidence, together with all reasonable inferences drawn therefrom, constitutes substantial evidence of probative value which supports the jury's verdict, the conviction will be upheld. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776; *Rosell v. State*, (1976) 265 Ind. 173, 352 N.E.2d 750; *Baum v.*

*State*, (1976) 264 Ind. 421, 345 N.E.2d 831; *Conard v. State*, (1977) Ind.App., 369 N.E.2d 1090.

The evidence most favorable to the State reveals that as a result of a search of Clark incident to an arrest based upon a warrant, a metal tin containing three white pills, and a plastic bag containing 82 white pills were removed from the clothing Clark was wearing.

The statute upon which this charge was based, and then in effect was IC 35–24.1–4.–1–7 [1] which reads as follows:

"A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a class D felony."

Compounds containing amphetamines were included in Schedule II by the provisions of IC 35–24.1–2–6(d)(1).[2]

The laboratory tests performed by the Indiana State Police showed the presence of amphetamines in the pills taken from the plastic bag which Clark had in the pocket of his trousers. Clark, however, contends that the evidence is insufficient to establish either that he possessed a controlled substance (amphetamines), or that he knowingly possessed the amphetamines knowing them to be such. We disagree.

Several Indiana cases have dealt with the factual situation where illegal drugs were found on the person of or in the clothing being worn by the accused. In each case it was determined that such evidence was sufficient to support a conviction for possession of such drugs. *Wilson v. State*, (1959) 240 Ind. 66, 161 N.E.2d 484; *Sanchez v. State*, (1971) 256 Ind. 140, 267 N.E.2d 374; *Wright v. State*, (1975) 164 Ind.App. 266, 328 N.E.2d 253. Since the pills containing amphetamines were found in the clothing being worn by Clark, the jury reasonably could have found that the pills were in Clark's possession.

■ It is true that the statute provides that it is an offense to "knowingly" possess the controlled substances designated. The term "knowingly" as used in criminal statutes imports that the accused person knew what he was about, and, possessing such knowledge, proceeded to commit the crime of which he is charged. *State v. Bridgewater*, (1908) 171 Ind. 1, 85 N.E. 715; *State v. Williams*, (1894) 139 Ind. 43, 38 N.E. 339.

In offenses involving knowingly possessing illegal drugs it has been held that the accused must have knowledge of the presence of the item and of the character of the item. *Phillips v. State*, (1974) 160 Ind.App. 647, 313 N.E.2d 101. However, both knowledge of the presence of the item and of its character can be inferred from possession. *Phillips v. State, supra; People v. Reisman*, (N.Y.1971), 29 N.Y.2d 278, 327 N.Y.S.2d 342, 277 N.E.2d 396; 28 C.J.S. Supp., *Drugs & Narcotics*, § 194, p. 283. This is especially true where the item is found on the person or in the clothing of the accused. *People v. Reisman, supra*; 28 C.J.S. Supp., *Drugs & Narcotics*, § 194, p. 284.

■ Therefore, since the pills in the plastic bag contained amphetamines and were found in the clothing being worn by Clark, it could be inferred that Clark had knowledge of the presence of the pills and of their character. The evidence is sufficient to support the verdict. The trial court did not err in overruling Clark's motion for judgment on the evidence.

*Issue Two*

Clark asserts as error the admission into evidence over objection of the warrant for his arrest for charges of first degree burglary, and theft, and the court's denial of his motion for a mistrial based upon the admission of the warrant into evidence. Clark contends that the admission of the warrant was an "evidentiary harpoon" designed solely to prejudice the jury against

---

1. IC 35–24.1–4.1–7 has been repealed and replaced by IC 35–48–4–7.

2. IC 35–24.1–2–6(d)(1) has been repealed and replaced by IC 35–48–2–6.

him, and asserts that his conviction in this case is tainted by the admission of the warrant. We do not agree with Clark's position.

The case of *Clark v. State*, (1978) Ind. App., 379 N.E.2d 987, decided by the Second District of this court is somewhat analagous to this case. In that case, the items recovered by means of a search warrant were admitted without objection. The State then offered, and the court admitted into evidence, over the objection of the defendant, the search warrant and the probable cause affidavit for the search warrant. The court held, contrary to earlier cases, that the search warrant and probable cause affidavit were inadmissible. However, in view of the trial court's admonishment to the jury that the search warrant and probable cause affidavit were admitted only for the purpose of showing the authority of the officers in making the search, the court said that the error was cured and was not reversible, since, under ordinary circumstances, an admonishment is deemed sufficient to overcome any prejudice. (*See also, Martin v. State*, (1974) 261 Ind. 492, 306 N.E.2d 93; *French v. State*, (1977) 266 Ind. 276, 362 N.E.2d 834; *Cooper v. State*, (1977) 267 Ind. 646, 359 N.E.2d 532; *Davis v. State*, (1971) 257 Ind. 46, 271 N.E.2d 893, for further authority that an admonition to disregard improper testimony is presumed to correct any alleged error.)

Here, the court gave defendant's tendered instruction No. 3 as part of the court's final instructions to the jury, which instruction read as follows:

"You are instructed that the fact, if you find it to be a fact, that a warrant existed for the arrest of the Defendant on other charges should not be considered by you in any manner on the issue of Defendant's innocence or guilt. That is to say that the fact that Mr. Clark was the subject of a warrant for arrest on other charges not bearing on the charges now pending should in no way influence your verdict or prejudice you against the Defendant in your deliberations."

We believe this instruction to be as effective as the admonition given in the *Clark* case, *supra,* and that any error in the admission into evidence of the arrest warrant was cured by the instruction, which instruction was given at Clark's request.

■ Here, there was testimony from the officers at the scene that there was a warrant for Clark's arrest. The arresting officer testified that he read the warrant to Clark. Other officers testified that they were present when the warrant was read to Clark. All of this testimony was heard without objection. In view of this evidence, it was hardly news to the jury that there was a warrant, and the admission into evidence of the warrant did little, if anything more, than advise them of matters already within the knowledge of the jury. Even if the warrant was not admissible, its admission did not constitute reversible error since the admission of incompetent evidence which tends only to show facts proven by other competent evidence is not reversible error. *Cody v. State*, (1974) 159 Ind.App. 125, 304 N.E.2d 820. Further, the introduction of otherwise inadmissible evidence which is merely cumulative and not decisive of guilt is not prejudicial error. *Mitchell v. State*, (1972) 259 Ind. 418, 287 N.E.2d 860; *Candler v. State*, (1977) 266 Ind. 440, 363 N.E.2d 1233.

■ Assuming that the admission into evidence of the arrest warrant over defendant's objection was error, which we do not decide, it was not reversible error. There was prior testimony, admitted without objection, that the officers had a warrant for Clark's arrest and that he was arrested pursuant to that warrant. The jury was properly instructed, at Clark's request, that the fact that there was a warrant could not be considered by them in determining Clark's guilt or innocence and that the jury should not be prejudiced by the warrant. Further, all of the evidence pointed to the guilt of Clark on the charge of possession of a controlled substance. In such case, we cannot say that the admission of the warrant, even if not properly admissible, was so prejudicial as to improperly influence the

verdict, nor can we say that the admission of the arrest warrant constituted an "evidentiary harpoon" tainting the verdict. Any error in admitting the arrest warrant into evidence was harmless error.

The judgment is affirmed.

ROBERTSON, P. J., and NEAL, J., concur.