Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBBIE L. HUBBARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1310-CR-512 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause No. 03D02-1302-CM-1014

**March 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Following a bench trial, Robbie L. Hubbard ("Hubbard") was convicted in Bartholomew Superior Court of Class A misdemeanor conversion. Hubbard appeals and claims that the State failed to present evidence sufficient to support her conviction. Concluding that Hubbard's claim is simply a request that we reweigh the evidence and judge witness credibility, we affirm.

**Facts and Procedural History**

The facts favorable to the trial court's judgment reveal that, on January 10, 2012, Hubbard was shopping at a Walmart store in Columbus, Indiana, where she came to be observed by Walmart loss-prevention employee Andrew Brewer ("Brewer"). Hubbard first put some cosmetics in her shopping cart and then went to the men's clothing section. There, she tried on a large, black hooded sweatshirt, then placed it in the front of shopping cart next to her large purse. Hubbard next went to the lawn and garden area of the store, walked near a back wall, and turned her cart around. There, she folded the sweatshirt so that the price tag was not visible and placed the sweatshirt underneath her purse. Hubbard then went to the checkout station. Although Hubbard paid for her other items, she did not pay for the sweatshirt, which remained mostly hidden underneath her purse.

When Hubbard failed to pay for the sweatshirt, Brewer confronted her. Hubbard claimed that she had simply forgotten about the sweatshirt and even told the police who arrived on the scene that if she were going to steal something, it would have been of a higher value than the sweatshirt. However, Hubbard would have been unable to pay for the sweatshirt and everything else in her cart.

On February 13, 2013, the State charged Hubbard with Class A misdemeanor conversion. A bench trial was held on September 23, 2013. Hubbard testified that she simply forgot to pay for the sweatshirt. Hubbard also testified, "I used to shoplift and I quit shoplifting when I got arrested in July 17th of 2011. People do change. It was an honest mistake." Tr. p. 18. The State impeached Hubbard's credibility during cross-examination by confronting Hubbard with evidence of her past convictions for shoplifting, which included three Class A misdemeanors and one Class D felony. At the conclusion of which the trial court found Hubbard guilty, stating from the bench:

> As both counsel pointed out, Miss Hubbard, credibility is . . . at the crux of this and notwithstanding your prior convictions because that doesn't necessarily mean that you are still predisposed to steal. But if you had taken that [sweatshirt] off the rack, folded it up, put it in your cart in the men's department, I might look at that differently. But you go to the Lawn and Garden section, you fold it up over there and put it under your purse. *That makes no sense other than that your intention is to fold it up into a small enough little package and toss it under your purse so that you're going to steal it. That's the only thing that makes sense from a credibility standpoint.* It just, it just defies the imagination to think otherwise in my mind. . . .

Tr. pp. 23-24 (emphasis added). The trial court sentenced Hubbard to six months executed. Hubbard now appeals.

**Discussion and Decision**

Hubbard claims that the State failed to present sufficient evidence to support her conviction for Class A misdemeanor conversion. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005).

3

We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id. To convict Hubbard of Class A misdemeanor conversion, the State had to prove beyond a reasonable doubt that she knowingly or intentionally exerted unauthorized control over the property of another person. Ind. Code § 35-43-4-3(a).

Hubbard claims that there was insufficient evidence to prove that she exerted unauthorized control over the sweatshirt. Hubbard argues that Brewer's testimony was inconsistent and should be given less credit because he had only been trained a few weeks prior to the current incident. This, however, is simply a request that we judge Brewer's credibility and reweigh the evidence, which we may not do. See McHenry, 820 N.E.2d at 126.

The facts most favorable to the trial court's judgment show that Hubbard took the sweatshirt to another department of the store, went to a back wall, and folded the sweatshirt in such a manner that it was difficult to see under her purse. She then failed to pay for the sweatshirt at checkout. The trial court specifically found Hubbard's claim to have forgotten about the sweatshirt to be not credible. This evidence is sufficient to establish that Hubbard knowingly or intentionally exerted unauthorized control over the sweatshirt. See Hartman v. State, 164 Ind. App. 356, 359, 328 N.E.2d 445, 447 (1975) (evidence that defendant was found near the door of the store with a shirt he did not pay for hidden under his jacket was sufficient to support conviction for theft). The trial court,

4

acting as the trier of fact, was well within its prerogative to disbelieve Hubbard's testimony that she simply forgot to pay for the sweatshirt, especially in light of the fact that she would have been unable to pay for the sweatshirt in addition to the other items she did in fact pay for.

## Conclusion

The State presented evidence from which the trial court, acting as the trier of fact, could reasonably conclude that Hubbard knowingly exerted unauthorized control over the property of Walmart. Accordingly, we affirm her conviction for Class A misdemeanor conversion.

Affirmed.

BRADFORD, J., and PYLE, J., concur.