## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 6:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief –
Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

India Covington,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1186

Appeal from the Marion Superior Court

The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49G08-1809-CM-29316

**Mathias, Judge.**

[1] India Covington ("Covington") appeals her conviction, following a bench trial, of Class A misdemeanor theft. Covington argues that the evidence is

insufficient to support her conviction because the State failed to prove beyond a reasonable doubt that she acted with the intent to deprive Meijer of the use or value of the items found in her possession.

[2] We affirm.

## Facts and Procedural History

[3] On August 20, 2018, a Meijer employee alerted Indianapolis Metropolitan Police Officer Nicholas Snow ("Officer Snow") to a woman exiting the store with merchandise she had not paid for. Officer Snow intercepted Covington in the store's parking lot. Covington was pushing a cart with unbagged merchandise and could not produce a receipt for the items. Officer Snow handcuffed Covington and was joined in the parking lot by Danielle Grimes ("Grimes"), a Meijer loss prevention employee. Covington was searched, and in her purse, Officer Snow discovered tagged DVDs and a tool used to remove tags. A Meijer employee returned the unpurchased items to the store. They included health and beauty products, DVDs, and a griddle, and totaled $169.57.

[4] The State charged Covington with Class A misdemeanor theft on September 1, 2018. She was tried to the bench on April 29, 2019, at which time Officer Snow, Grimes, and Covington testified. Grimes explained that on August 20, a Meijer employee stationed at the store's doors called her to report that Covington had exited the store without paying for merchandise, and Grimes "ran outside" to address the situation. Tr. p. 10. Grimes later reviewed security video footage and observed Covington, pushing a shopping cart, walk in front of the self-

checkout area and past the greeter stand. Covington "look[ed] to the right to see if [the] greeter has continued to follow" and then exited the store "past all points of sale." Tr. pp. 17–18.

[5] Covington's explanation was that she left the store without paying for some merchandise because she lost track of her fifteen-year-old sister. Covington "panicked" and left the store to look for her sister in the parking lot, not intending to neglect to pay for the items in her cart. Tr. p. 23. Covington did not tell this to Officer Snow when she was apprehended.

[6] The trial court found Covington guilty as charged and sentenced her to 365 days of incarceration, with credit for two days and the remainder suspended. Covington was ordered to complete forty hours of community service. This appeal followed.

## Discussion and Decision

[7] Covington argues that there is insufficient evidence to support her conviction for theft because the State failed to prove that she acted with the requisite criminal intent. Our standard of review for sufficiency of the evidence claims is well settled. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact finder. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995). We consider only the probative evidence and reasonable inferences supporting the verdict, and do not reweigh the evidence or judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146

(Ind. 2007). We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[8] A person commits Class A misdemeanor theft when that person "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a). "A person engages in conduct 'intentionally' if, when [she] engages in the conduct, it is [her] conscious objective to do so." I.C. § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when [she] engages in the conduct, [she] is aware of a high probability [she] is doing so." I.C. § 35-41-2-2(b). The mens rea of a crime "may be proven by circumstantial evidence alone, and may be inferred from the facts and circumstances of each case." *Baxter v. State*, 891 N.E.2d 110, 121 (Ind. Ct. App. 2008).

[9] Covington argues that the State did not present sufficient evidence of her knowledge or intent because there was no evidence that she concealed the merchandise or attempted to flee with the merchandise off of Meijer's property. She further contends that the security video footage displayed "no evidence of suspicious behavior" and that the State presented "no evidence to disprove [her] explanation of the events." Appellant's Br. at 9. We disagree.

[10] The State presented evidence that Covington exited Meijer with items that she had not purchased in a shopping cart and in her purse. Indiana Code section 35-43-4-4(c) provides that evidence of a person (1) concealing property offered for sale and (2) removing the property from "any place within the business

premises at which it was displayed or offered to a point beyond that at which payment should be made" constitutes prima facie evidence of "intent to *deprive the owner of the property of a part of its value* and that the person exerted unauthorized control over the property." (Emphasis added). That Covington used her purse to conceal and remove merchandise from the store, past the point at which payment should have been made, thus constitutes prima facie evidence of her intent to deprive Meijer of the value of the property. *See* I.C. § 35-43-4-4(c); *Hartman v. State*, 164 Ind. App. 356, 357, 328 N.E.2d 445, 447 (Ind. Ct. App. 1975) (holding there was sufficient evidence to give rise to an inference the defendant exerted unauthorized control when store employees caught defendant with merchandise concealed under his jacket a few feet from the store doors).

[11] Furthermore, the State presented evidence that Covington behaved in a way that suggested she acted with the knowledge or intent to deprive the store of the merchandise's value or use. Officer Snow testified that when he asked Covington whether she had paid for the items in the cart, Covington replied that she had paid. Tr. p. 25. Yet, Covington could not produce a receipt for any of the items in her possession. A review of the security video footage did not support her claim that the merchandise was paid for. Covington told Grimes that her boyfriend had purchased the items and that he had the receipts. Tr. p. 26. Again, no receipts were produced by any individual. Covington did not attempt to explain to Officer Snow or to Grimes that she exited the store without paying for the items because she was looking for her lost sister. Her

argument that her actions were due to an "honest mistake" is simply a request to reweigh the evidence and to substitute our judgment of the witnesses' credibility for that of the trial court, which we will not do. Tr. p. 23. Accordingly, we find that sufficient evidence supports the trial court's determination that Covington knowingly or intentionally exerted control over Meijer's merchandise with the intent to deprive Meijer of its value or use.

## Conclusion

[12] The State presented sufficient evidence that Covington deprived Meijer of the value or use of the items in the shopping cart and her purse, and that she did so knowingly or intentionally. Thus, sufficient evidence supports Covington's conviction for Class A misdemeanor theft.

[13] Affirmed.

Kirsch, J., and Bailey, J., concur.